Carmen A. Nicolaou (CN-5518)
THE CHARTWELL LAW OFFICES, LLP.
81 Main Street, Suite 100
White Plains, NY 10601
(914) 259-8505
*Attorneys for Third-Party Defendants*
MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDWARD SHIN,

                Plaintiff,

- against -

YS2 ENTERPRISES INC.,

                Defendant.
-----------------------------------------------------------------------X
YS2 ENTERPRISES INC.,

                Third-Party Plaintiff,

- against -

MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, DEH-JU DEBORAH WANG, AND YOUNG K. LEE,

                Third-Party Defendants.
-----------------------------------------------------------------------X

1:17-cv-05183(ILG)(SMJ)

**ANSWER TO THIRD-PARTY COMPLAINT**

    Defendants MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG, by their attorneys, The Chartwell Law Offices, LLP, as and for their Answer to the Third-Party Complaint, state, upon information and belief, as follows:

## PROCEDURAL BACKGROUND

1. No response is required as to the allegations contained in Paragraph "1" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "1" of the Third-Party Complaint.

2. No response is required as to the allegations contained in Paragraph "2" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "1" of the Third-Party Compla**int.**

## THE PARTIES TO THE THIRD-PARTY ACTION

3. Admits the allegations contained in Paragraph "3" of the Third-Party Complaint.

4. Deny the allegations contained in Paragraph "4" of the Third-Party Complaint except admits that Michael S. Wang owned 45% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

5. Deny each and every allegation contained in Paragraph "5" of the Third-Party Complaint and assert that the Richardson Irrevocable Trust is not a legal entity that can be sued.

6. Deny the allegations contained in Paragraph "6" of the Third-Party Complaint except admits that Richardson Irrevocable Trust owned 30% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

7. Admits the allegations contained in Paragraph "7" of the Third-Party Complaint.

8. Deny the allegations contained in Paragraph "8" of the Third-Party Complaint except admits that Terrence Wu owned 15% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

9. Admits the allegations contained in paragraph "9" of the Third-Party Complaint.

10. Deny the allegations contained in Paragraph "10" of the Third-Party Complaint except admits that Dej-Juh Deborah Wang owned 10% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

11. Deny knowledge or information as to the allegations contained in Paragraph "11" of the Third-Party Complaint.

12. Deny knowledge or information as to the allegations contained in Paragraph "12" of the Third-Party Complaint.

## JURISDICTION

13. Deny each and every allegation contained in Paragraph "13" of the Third-Party Complaint, and refer all questions of law to the Court.

14. No response is required as to the allegations contained in Paragraph "14" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "14" of the Third-Party Complaint.

15. No response is required as to the allegations contained in Paragraph "15" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "15" of the Third-Party Complaint.

## AS TO THE FIRST CAUSE OF ACTION AS TO THE THIRD-PARTY DEFENDANTS MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG

16. In response to the allegations contained in the paragraph designated as "16" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "15" of the Third-Party Complaint as if fully set forth at length herein.

17. No response is required as to the allegations contained in Paragraph "17" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "17" of the Third-Party Complaint.

18. Deny each and every allegation contained in Paragraph "18" of the Third-Party Complaint.

19. Deny each and every allegation contained in Paragraph "19" of the Third-Party Complaint.

**AS TO THE SECOND CAUSE OF ACTION AS TO THE THIRD-PARTY DEFENDANTS MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG**

20. In response to the allegations contained in the paragraph designated as "20" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "19" of the Third-Party Complaint as if fully set forth at length herein.

21. Deny each and every allegation contained in Paragraph "18" of the Third-Party Complaint, and refer all questions of law to the Court.

22. Deny each and every allegation contained in Paragraph "18" of the Third-Party Complaint, and refer all questions of law to the Court.

**AS TO THE THIRD CAUSE OF ACTION AS TO THE THIRD-PARTY DEFENDANTS MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG**

23. In response to the allegations contained in the paragraph designated as "23" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "22" of the Third-Party Complaint as if fully set forth at length herein.

24. Deny each and every allegation contained in Paragraph "24" of the Third-Party Complaint, and refer all questions of law to the Court.

25. Deny each and every allegation contained in Paragraph "25" of the Third-Party Complaint.

## AS TO THE FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT YOUNG KING LEE

26. In response to the allegations contained in the paragraph designated as "26" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "25" of the Third-Party Complaint as if fully set forth at length herein.

27. No response is required as to the allegations contained in Paragraph "27" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "27" of the Third-Party Complaint.

28. Deny knowledge or information as to the allegations contained in Paragraph "28" of the Third-Party Complaint.

29. Deny knowledge or information as to the allegations contained in Paragraph "29" of the Third-Party Complaint.

## AS TO THE SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT YOUNG KING LEE

30. In response to the allegations contained in the paragraph designated as "30" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "29" of the Third-Party Complaint as if fully set forth at length herein.

31. Deny knowledge or information as to the allegations contained in Paragraph "31" of the Third-Party Complaint.

32. Deny knowledge or information as to the allegations contained in Paragraph "32" of the Third-Party Complaint.

## AS TO THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT YOUNG KING LEE

33. In response to the allegations contained in the paragraph designated as "33" of the Third-Party Defendant's Third-Party Complaint, the answering defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "32" of the Third-Party Complaint as if fully set forth at length herein.

34. No response is required as to the allegations contained in Paragraph "34" of the Third-Party Complaint. However, if a response is required, answering third-party defendants deny each and every allegation contained in Paragraph "34" of the Third-Party Complaint.

35. Deny knowledge or information as to the allegations contained in Paragraph "35" of the Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36. That any injuries sustained by plaintiff and/or defendant- third-party plaintiff as alleged in either the Third-Party Complaint or underlying Verified Complaint herein, were caused in whole or in part by the contributory negligence, comparative negligence and/or culpable conduct of said plaintiff, defendant-third-party plaintiff, and/or Young K. Lee and not as a result of the contributory negligence and/or culpable conduct on the part of the answering third-party defendants or any party under the control of the answering third-party defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37. All risks and danger of loss or damages connected with a situation alleged in either the Third-Party Complaint or the underlying Verified Complaint were at the time and place mentioned obvious and apparent and were known by plaintiff and defendant- third-party plaintiffs and voluntarily assumed by plaintiff and defendant- third-party plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38. That, in the event plaintiff and defendant-third-party plaintiff recover a verdict or judgment against the answering third-party defendants, then said verdict or judgments must be reduced pursuant to CPLR §4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed expenses or other economic loss, from any collateral source such as insurance.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. That if plaintiff sustained the injuries and/or damages complained of, all of which are denied the answering third-party defendants, said injuries and/or damages were caused in whole or in part by the conduct of one or more parties for whose conduct the answering third-party defendants are not responsible, had no control over, or with whom the answering third-party defendants had no legal relation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. In accordance with CPLR §1601 et seq., the liability of the answering third-party defendants, if any, for non-economic loss is limited to the answering third-party defendants' equitable share, determined in accordance with the relative culpability of all persons and/or entities contributing to the total liability for non-economic loss, including parties and others over whom plaintiff and/or defendant/ third-party plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff has failed to mitigate his damages so as to prevent or reduce the extent of the injuries and/or damages sustained.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42. That if plaintiff and/or defendant/third-party plaintiff shall have a judgment and/or verdict in their favor over and against the answering third-party defendants the judgment and/or verdict shall be precluded, modified, offset and/or reduced by any and all sums or consideration paid or promised to plaintiff and/or third-party plaintiff by any person, corporation or parties claimed to be liable for the injuries and/or damages alleged in either the Third-Party Complaint or underlying Verified Complaint to the extent of the greater of either sum or consideration paid or promised to plaintiff and/or defendant/third-party plaintiff or in the amount of the released tortfeasor's equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law §§ 15-105 and 15-108.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. That the injuries and damages to plaintiff was caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care of the plaintiff and/or third-party plaintiff pursuant to CPLR Article 14 and 14-A.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44. If plaintiff sustained any injuries as alleged in either the Third-Party Complaint or underlying Verified Complaint, said injuries were proximately caused by the independent, intervening and superseding actions of plaintiff and others which could not reasonably have been foreseen and for which the answering third-party defendants are not liable or responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45. The answering third-party defendants did not create, nor did it have actual or constructive notice of any conditions alleged in either the Third-Party Complaint or underlying Verified Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

46. Another party, and their agents, servants and/or employees exclusively controlled the area where the alleged incident occurred.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

47. The damages allegedly suffered by plaintiff and/or defendant third-party plaintiff were caused by an entity or individual other than the answering third-party defendants who is a necessary party and the plaintiff and/or defendant/ third-party plaintiff have failed to name the entity or individual as a party.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

48. The answering third-party defendants did not breach any duties owed to plaintiff and/or third-party plaintiff, neither contractually nor by common law duty, and/or any alleged breach of duty was not the proximate cause of the plaintiff's alleged damages.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

49. The answering third-party defendants did not create the condition and had no notice of the condition that allegedly caused plaintiff's accident.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

50. Neither the Court, plaintiff, or defendant/third-party plaintiff has jurisdiction, personal or subject matter, over the third-party defendant, RICHARDSON IRREVOCABLE TRUST, as it is not an entity that can be sued.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST
## YOUNG K. LEE FOR COMMON-LAW INDEMNITY

51. Upon information and belief, that if and in the event the Plaintiff and/or defendant/third-party plaintiff sustained any damages as alleged in the Third-Party Complaint, all of which are denied by the answering third-party defendants, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful acts of Third-Party Defendant, YOUNG K. LEE, and not through any acts of negligence, culpable or wrongful conduct on the part of the answering third-party Defendants.

52. By reason of the foregoing, the answering third-party defendants are entitled to common-law indemnity from, and to have judgment over and against, third-party defendant, YOUNG K. LEE, for all or part of any verdict of judgment that plaintiff and/or defendant/third-party plaintiff may recover against said answering third-party defendants.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST
## YOUNG K. LEE FOR COMMON-LAW CONTRIBUTION

53. Upon information and belief, that if and in the event the plaintiff and/or defendant/third-party plaintiff sustained any damages as alleged in the Third-Party Complaint, all of which is denied by the answering third-party defendants, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful acts of the third-party defendant, YOUNG K. LEE, and not through any acts of negligence, culpable or wrongful conduct on the part of the answering third-party defendants.

54. By reason of the foregoing, the answering third-party defendants are entitled to common-law contribution from, and to have judgment over and against, third-party defendant, YOUNG K. LEE, for all or part of any verdict of judgment that Plaintiff may recover against said answering third-party defendants.

**WHEREFORE**, third-party defendants MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG, hereby demand judgment dismissing the Third-Party Complaint in its entirety, with prejudice, and further demands judgment over and against YOUNG K. LEE on all cross-claims asserted and against said parties for all or part of any verdict and/or judgment rendered against third-party defendants, MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JUH DEBORAH WANG, including all costs and fees of this action and such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       July 31, 2018

> **THE CHARTWELL LAW OFFICES, LLP**
>
> By: _/s/ Carmen A. Nicolaou_
> Carmen A. Nicolaou (CAN-5518)
> Attorneys for Third-Party Defendants
> *MICHAEL S. WANG, RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG*
> 81 Main Street, Suite 100
> White Plains, New York 10601
> (914) 259-8505
> File No.: 0063841

TO:

Kevin J. Murtagh, Esq. (KJM-0456)
AHMUTY, DEMERS & McManus, ESQS
Attorneys for Defendant/Third-Party Plaintiff
*YS2 ENTERPRISES INC.*
200 I.U. Willets Road

Albertson, New York 11507
(516) 294-5433
File No: ORNA 167417 FAC

THE BASIL LAW GROUP, P.C.
Attorneys for Plaintiff
1270 Broadway, Suite 305
New York, New York 10001
(917) 513-3066
RobertJBasil@rjbasil.com

YOUNG K. LEE
Third-Party Defendant
72228 168th Street
Fresh Meadows, New York 11366