UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDWARD SHIN

                    Plaintiffs,

       v.

YS2 ENTREPRISES INC., MICHEL S. WANG,
VICTORIA WANG as TRUSTEE OF THE
RICHARDSON IRREVOCABLE TRUST,
TERRANCE WU, DEH-JUNG DEBORAH
WANG, and YOUNG K. LEE

                 Defendants.
_____X

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

Case No. 1:17-cv-05183(ILG)(SMG)

Plaintiff, Edward Shin ("Shin") by and through his attorneys, The Basil Law Group, P.C., respectfully demands a jury trial on all issues so triable, and alleges as follows:

## I. THE PARTIES

1. Plaintiff Edward Shin brings this action against Defendant YS2 ENTERPRISES INC. ("YS2"), to recover for injuries he suffered as a result of the illegal sale of alcohol by YS2 to Defendant Young K. Lee causing an accident ("the Accident") at a commercial property located in the County of Queens, which was jointly owned by the Owner Defendants on the relevant dates, April 21-22, 2017 ("Dates of Accident"), and located at 154-05 Northern Boulevard, Flushing New York 11354 (the "Premises").

2. Shin brings this action against Defendants Michel Wang, Victoria Wang as Trustee of the Richardson Irrevocable Trust, Terrance Wu, and Deh-Jung Deborah Wu (jointly, the "Owner Defendants"), to recover injuries and damages suffered as a result of the Accident at the Premises, which was jointly owned by the Owner Defendants on the Dates of Accident.

1

3.  Shin brings this action against Defendant Young K Lee ("Lee") for negligence and battery for his part in causing the Accident and Shin's damages.

4. Shin, at all times relevant to this action, resided and was domiciled in the Commonwealth of Pennsylvania and continues to so reside and be domiciled.

5. Defendant YS2 a New York corporation located at 154-05 Northern Blvd, 2nd Floor, Flushing New York, in this District, and is the owner and operator of a Karaoke Club at that location for the purpose of selling liquor, food and entertainment at retail to the general public, as it was on the Dates of Accident.

6. Michel S. Wang ("M Wang") is and at all times relevant to this action was a resident of Oakland Gardens, York, Queens, New York.

7. M Wang was one of the owners of the Premises on the Dates of Accident.

8. Victoria Wang, named on this action solely as Victoria Wang as Trustee of the Richardson Irrevocable Trust ("Richardson") is and at all times relevant to this action was the Trustee of the Richardson Revocable Trust located at 61-14 212th Street, Bayside, New York.

9. Richardson was one of the owners of the Premises on the Dates of Accident.

10. Terrance Wu ("Wu") is and at all times relevant to this action was a resident of Manhasset, New York.

11. Wu was one of the owners of the Premises on the Dates of Accident.

12. Deh-Jung Deborah Wang ("Deborah") is and at all times relevant to this action was a resident of Flushing, New York.

13. Deborah was one of the owners of the Premises on the Dates of Accident.

14. Young K Lee ("Lee"), is and at all times relevant to this action a resident of Fresh Meadows, New York.

## II.  JURISDICTION AND VENUE

15. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over all claims asserted herein because the plaintiff is diverse from each defendant.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in this court pursuant to 28 U.S.C. §1391, as (a) YS2 transacts business in this district by owning, operating, or managing a Karaoke Club in this district; (b) the

Owner Defendants owned the Premises in this District on the Dates of Accident; and (c) all actions relevant to this action took place in this District.

17.  This Court has personal jurisdiction over each of the Defendants based upon their residency and business activities in the State of New York and each has undertaken tortious activity having repercussions within the State of New York.

### III.  FACTUAL ALLEGATIONS

18. On or about April 21, 2017, at about 10:00 p.m., Shin and an associate arrived at the Premises and then establishment operated by YS2 (the "Karaoke Bar") and was a lawful patron of the Karaoke Bar at all times relevant to this action.

19. The certificate of occupancy for the second floor of the YS2 premises and occupied by the Karaoke Bar, as of the Dates of Accident, permitted occupancy of up to 200 individuals at the same time.

20. Shin initially entered "Room #2" in the Karaoke Bar to meet with friends and associates.

21. At about 10:45 p.m., Shin moved to "Room #1" where he met Lee.

22. At the time Shin first met Lee at about 10:45 p.m., Lee was viably intoxicated as a direct and proximate result of consumption of alcoholic beverages sold and served to him by YS2 and consumed by him in the presence of YS2's agents and employees on April 21, 2017, such sales occurring at times when Lee visibly intoxicated.

23. In addition, Lee is a habitual drunk, known to be such to YS2, as that term is used in New York ABC Law § 65.

24. From 10:45 p.m. on April 21, 2017 until about 12:45 a.m. on April 22, 2017, YS2 continued to provide Lee with alcoholic beverages for immediate consumption despite his being visibly intoxicated at all such times, and despite his being known to YS2 as being a habitual drunk.

25. At about 12:45 a.m., Lee and Shin began a verbal altercation at the doorway exit of the Karaoke Bar, all while being monitored by YS2 personnel, including YS2 security personnel, live and on video camera.

26. Despite YS2's knowledge that Lee was intoxicated and angry, and that Shin was standing at the top of the steep and dangerous stairwell, YS2 took no action to prevent the accident, which YS2 employees, including YS2 security personnel, could have prevented

with prompt and reasonable actions.

27. As a result of Lee's anger and drunkenness, Lee accidentally, or willfully, or maliciously, but without any just cause or provocation from Shin, assaulted and kicked Shin, causing Shin to fall backward down a long and unreasonably steep and dangerous set of stairs.

28. Shin attempted to catch himself as he fell, but because of poor lighting, unreasonably steep stairs,  a short landing, and lack of dual banisters being attached to the entire span of steps, all of which were curable defects that were known to YS2 and the Owner Defendants before the Dates of Accident, Shin did not come to final rest until he reached the absolute bottom of the stairs.

29. The poor lighting, unreasonably steep stairs, a short interim landing, and lack of dual banisters being attached to the entire span of the steps, all of which was known to Defendants and were curable defects before the Dates of Accident.

30. In particular, the Premises were defective and unnecessarily dangerous, as the stairs were excessively and unreasonably steep, the lighting was dangerously poor and below applicable building code standards, the landing existing mid-way down the stairs was dangerously undersized, thereby failing to meet the applicable building code standards, and the portion of the stairs below the undersized landing lacked dual banisters, in violation of the applicable building code standards and the conditions were inappropriate for an egress to a business serving alcoholic beverages to customers.

31. As a proximate result of these dangerous conditions, all of which were known to YS2 and the Owner Defendants, Shin fell backwards down the stairs, could not break his fall, and did not come to rest until he reached the very bottom of the stairs.

32. YS2 and the Owner Defendants failed to maintain adequately the area where the incident occurred by providing a properly designed stairs, sufficient lighting, banisters, and personnel to assure that business invitees, including patrons who may have been consuming alcohol and may have become intoxicated, or who were in the company of those who were intoxicated, were provided a safe egress from the Karaoke Bar and the Premises.

33. YS2 and the Owner Defendants failed to inspect adequately the area where the incident occurred thereby failing to protect its business invitees such as Shin, many of whom

legally consume alcohol on the Premises, from the hazardous conditions that foreseeably caused the injuries to Shin.

34. YS2 and the Owner Defendants failed to require the owners and operators of the Karaoke Bar to train and supervise adequately their agents and/or employees who were responsible for serving alcohol beverages, acting as security, monitoring the conduct of patrons, and observing the activities in the area in which the incident harming Shin took place.

35. As a proximately caused result of these events, Shin became severely injured, sick, sore, lame and disabled, and so remains.

36. As additional and proximately caused results of these events, Shin suffered and still suffers great physical and mental pain, anguish and distress; Shin sustained severe injuries and lacerations in and about his head, body and limbs; Shin sustained a severe nervous shock and continues so to do; Shin sustained severe fractures about the face and arm; Shin suffered from loss of mental acuity; Shin was prevented from attending to his usual occupation; Shin has necessarily expended and has become liable to pay large sums of money for medical care, surgeries, rehabilitation, attendants, medicines, X-rays and treatments and will be obliged to incur expenses of a similar nature in the future; and Shin has been informed and believes that many of his injuries are permanent.

37. Lee's assault on Shin was not in any way justified by the verbal altercation between Lee and Shin, nor did Shin otherwise provide sufficient provocation to Lee to justify Lee's undertaking the tortious conduct he visited upon Shin.

38. YS2 and the Owner Defendants each failed to maintain adequately the area where the incident occurred by providing sufficient lighting, banisters, and personnel to assure that patrons who had been consuming alcohol and were intoxicated, or who were in the company of those who were intoxicated, were safely escorted down the dangerous stairs.

39. YS2 and the Owner Defendants each failed to inspect adequately the area where the incident occurred thereby failing to protect its patrons, most of whom consume alcohol, from hazardous conditions that foreseeably caused the injuries to Shin.

40. YS2 and the Owner Defendants failed to train and supervise adequately its employees and agents who were responsible for maintaining the Premises, conforming the Premises

to applicable building codes, assuring that the Premises were safe for the purposes for which they were being used, *e.g.,* providing tenancy to an enterprise selling alcoholic beverages, serving alcohol beverages, acting as security, monitoring the conduct of patrons, and observing the activities in the area in which the incident harming Shin took place.

41. Lee, for his part, was negligent, grossly negligent, or committed intentional battery in his altercation with Shin at the top of the unreasonably steep and otherwise dangerous and defective stairs.

## IV. FIRST COUNT
Statutory Claim vs. YS2

42. Shin repeats and realleges the allegations in the preceding paragraphs as if set forth at length herein.

43. Each sale of alcoholic beverage by YS2 to Lee on the Dates of Accident was a "Prohibited Sale" as that term is used in NY ABC Law § 65(2) (any visibly intoxicated person) and § 65(3) (Any habitual drunkard known to be such to the person authorized to dispense any alcoholic beverages).

44. The aforesaid facts establish all necessary elements of a successful cause of action under NY General Obligations Law § 11-101(1).

45. As a result of the conduct constituting violations of the abovementioned statutes, YS2 proximately caused the above-mentioned injuries and damages suffered by Shin.

WHEREFORE, Shin demands a trial by jury and damages against YS2 for:

A. Compensatory damages, including reimbursement for all medical costs incurred to date;

B. Consequential and Incidental damages;

C. Compensation for all physical and mental injuries proximately caused by YS2's wrongful actions, including pain and suffering;

D. Punitive Damages;

E. Medical monitoring for so long as Shin's health is threatened by the repercussions of this incident;

F. Costs of Suit, including reasonable attorney's fees; and

G. Such other and appropriate relief as this Court may deem advisable and appropriate.

## V.  SECOND COUNT
Negligence vs. YS2

46. Shin repeats and realleges the allegations in the preceding paragraphs as if set forth at length herein.

47. YS2 owed a duty of care to Shin, as a member of the public and as a patron in the Karaoke Bar, to undertake reasonable conduct to protect Shin from injury while on the premises and thereafter.

48. By the aforementioned conduct, errors, and omissions, YS2 breached its duty of care to Shin.

49. As a proximate result of the Defendants' breaches, Shin suffered the above-mentioned injuries and damages.

WHEREFORE, Shin demands a trial by jury and damages against YS2 for:

A. Compensatory damages, including reimbursement for all medical costs incurred to date;

B. Consequential and Incidental damages;

C. Compensation for all physical and mental injuries proximately caused by Defendants' wrongful actions, including pain and suffering;

D. Medical monitoring for so long as Shin's health is threatened by the repercussions of this incident;

E. Costs of Suit, including reasonable attorney's fees; and

F. Such other and appropriate relief as this Court may deem advisable and appropriate.

## VI.  THIRD COUNT
NEGLIGENCE vs. OWNER DEFENDANTS

50. Shin repeats and realleges the allegations in the preceding paragraphs as if set forth at length herein.

51. The Owner Defendants owed a duty to Shin as invitee to provide a safe Premises on The Dates of Accident.

52. The Owner Defendants breached their duty to Shin as described above.

53. As a proximate result of the Owner Defendants' breaches, Shin suffered the above-mentioned injuries and damages.

WHEREFORE, Shin demands a trial by jury and damages against the Owner Defendants for:

A. Compensatory damages, including reimbursement for all medical costs incurred to date;

B. Consequential and Incidental damages;

C. Compensation for all physical and mental injuries proximately caused by the Owner Defendants' wrongful actions, including pain and suffering;

D. Medical monitoring for so long as Shin's health is threatened by the repercussions of this incident;

E. Costs of Suit, including reasonable attorney's fees; and

F. Such other and appropriate relief as this Court may deem advisable and appropriate.

## VI.  FOURTH COUNT
### NEGLIGENCE/GROSS NEGLIGENCE vs. LEE

54. Shin repeats and realleges the allegations in the preceding paragraphs as if set forth at length herein.

55. Lee owed a duty of care to Shin as Shin was a foreseeable victim of Lee's drunkenness, anger, and dangerous actions at the Premises on the Dates of the Accident.

56. Lee breached his duty of care to Shin as described above by his negligent and/or grossly negligent conduct of continuing to consume alcoholic beverages after he was intoxicated and his other dangerous conduct at the Premises on the Dates of the Accident.

57. As a proximate result of Lee's negligence and/or gross negligence, Shin was injured as described above.

WHEREFORE, Shin demands a trial by jury and damages against Defendant Lee for:

A. Compensatory damages, including reimbursement for all medical costs incurred to date;

B. Consequential and Incidental damages;

C. Compensation for all physical and mental injuries proximately caused by Lee's wrongful actions, including pain and suffering;

D. Medical monitoring for so long as Shin's health is threatened by the repercussions of this incident;

E. Costs of Suit, including reasonable attorney's fees; and

F. Such other and appropriate relief as this Court may deem advisable and appropriate.

## VI. FIFTH COUNT
BATTERY vs. LEE

58. Shin repeats and realleges the allegations in the preceding paragraphs as if set forth at length herein.

59. On the Dates of the Accident, Lee made bodily contact with Shin.

60. Lee's bodily contact with Shin was made intentionally and was offensive in nature.

61. Lee's bodily contact with Shin was made with the intent of causing Shin severe bodily harm.

62. As a result of such intentional conduct by Lee, Shin was severely injured as stated above.

WHEREFORE, Shin demands a trial by jury and damages against Defendant Lee for:

A. Compensatory damages, including reimbursement for all medical costs incurred to date;

B. Consequential and Incidental damages;

C. Compensation for all physical and mental injuries proximately caused by Lee's wrongful actions, including pain and suffering;

D. Medical monitoring for so long as Shin's health is threatened by the repercussions of this incident

E. Punitive Damages;

F. Costs of Suit, including reasonable attorney's fees; and

G. Such other and appropriate relief as this Court may deem advisable and appropriate.

Dated: New York, New York
August 30, 2018

_____/S/ROBERT J. BASIL_____
Robert J. Basil, Esq.
The Basil Law Group, P.C.
1270 Broadway, Suite 305
New York, NY 10001
robertjbasil@rjbasil.com
917-512-3066
831-536-1075 (fax)
*Attorneys for Plaintiff, Edward Shin*