Carmen A. Nicolaou (CN-5518)
THE CHARTWELL LAW OFFICES, LLP.
81 Main Street, Suite 100
White Plains, NY 10601
(914) 259-8505
*Attorneys for Defendants/Third-Party Defendants*
MICHAEL S. WANG, VICTORIA WANG as
TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST,
TERRENCE WU, and DEH-JU DEBORAH WANG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWARD SHIN,

                Plaintiff,

- against -

YS2 ENTERPRISES INC.,

                Defendant.
-----------------------------------------------------------X
YS2 ENTERPRISES INC,

                Plaintiff,

- against –

MICHAEL S. WANG, RICHARDSON
IRREVOCABLE TRUST, TERRENCE WU,
DEH-JU DEBORAH WANG, AND YOUNG K.
LEE,

                Defendants.
-----------------------------------------------------------X

1:17-cv-05183(ILG)(SMJ)

**ANSWER TO SECOND
AMENDED COMPLAINT**

**PLEASE TAKE NOTICE** that Defendants MICHAEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG by their attorneys, Chartwell Law, as and for their Answer to the Plaintiff's Second Amended Complaint, states upon information and belief, as follows:

## THE PARTIES TO THE ACTION

1. No response is required as to the allegations contained in Paragraph "1" of the Second Amended Complaint. However, if a response is required, Answering Defendants deny each and every allegation contained in Paragraph "1" of the Second Amended Complaint.

2. No response is required as to the allegations contained in Paragraph "2" of the Second Amended Complaint. However, if a response is required, Answering Defendants deny each and every allegation contained in Paragraph "2" of the Second Amended Complaint.

3. No response is required as to the allegations contained in Paragraph "3" of the Second Amended Complaint. However, if a response is required, Answering Defendants deny each and every allegation contained in Paragraph "3" of the Second Amended Complaint.

4. Deny knowledge or information as to the allegations contained in Paragraph "4" of the Second Amended Complaint.

5. Deny knowledge or information as to the allegations contained in Paragraph "5" of the Second Amended Complaint.

6. Admit the allegations contained in Paragraph "6" of the Second Amended Complaint.

7. Deny the allegations contained in Paragraph "7" of the Second Amended Complaint, but admits MICHAEL S. WANG owned 45% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

8. Admit the allegations contained in Paragraph "8" of the Second Amended Complaint.

9. Deny the allegations contained in Paragraph "9" of the Second Amended Complaint, but admits VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST owned 30% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

10. Admit the allegations contained in Paragraph "10" of the Second Amended Complaint.

11. Deny the allegations contained in Paragraph "11" of the Second Amended Complaint, but admits TERRENCE WU owned 15% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

12. Admit the allegations contained in Paragraph "12" of the Second Amended Complaint.

13. Deny the allegations contained in Paragraph "13" of the Second Amended Complaint, but admits DEH-JU DEBORAH WANG owned 10% of the property located at 154-05 Northern Boulevard, Flushing, New York on April 22, 2017.

14. Deny knowledge or information as to the allegations contained in Paragraph "14" of the Second Amended Complaint.

## JURISDICTION

15. No response is required as to the allegations contained in Paragraph "15" of the Second Amended Complaint. However, if a response is required, Answering Defendants deny each and every allegation contained in Paragraph "15" of the Second Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

17. Deny each and every allegation contained in paragraph "17" of Plaintiff's Second Amended Complaint.

## FACTUAL ALLEGATIONS

18. Deny knowledge or information as to the allegations contained in Paragraph "18" of the Second Amended Complaint.

19. Deny each and every allegation contained in paragraph "19" of Plaintiff's Second Amended Complaint, and refer to the Certificate of Occupancy.

20. Deny knowledge or information as to the allegations contained in Paragraph "20" of the Second Amended Complaint.

21. Deny knowledge or information as to the allegations contained in Paragraph "21" of the Second Amended Complaint.

22. Deny knowledge or information as to the allegations contained in Paragraph "22" of the Second Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

24. Deny knowledge or information as to the allegations contained in Paragraph "24" of the Second Amended Complaint.

25. Deny knowledge or information as to the allegations contained in Paragraph "25" of the Second Amended Complaint.

26. Deny knowledge or information as to the allegations contained in Paragraph "26" of the Second Amended Complaint.

27. Deny knowledge or information as to the allegations contained in paragraph "27" of Plaintiff's Second Amended Complaint.

28. Deny each and every allegation contained in paragraph "28" of Plaintiff's Second Amended Complaint.

29. Deny each and every allegation contained in paragraph "29" of Plaintiff's Second Amended Complaint.

30. Deny each and every allegation contained in paragraph "30" of Plaintiff's Second Amended Complaint.

31. Deny each and every allegation contained in paragraph "31" of Plaintiff's Second Amended Complaint.

32. Deny each and every allegation contained in paragraph "32" of Plaintiff's Second Amended Complaint.

33. Deny each and every allegation contained in paragraph "33" of Plaintiff's Second Amended Complaint.

34. Deny each and every allegation contained in paragraph "34" of Plaintiff's Second Amended Complaint.

35. Deny each and every allegation contained in paragraph "35" of Plaintiff's Second Amended Complaint.

36. Deny each and every allegation contained in paragraph "36" of Plaintiff's Second Amended Complaint.

37. Deny knowledge or information as to the allegations contained in Paragraph "37" of the Second Amended Complaint.

38. Deny each and every allegation contained in paragraph "38" of Plaintiff's Second Amended Complaint.

39. Deny each and every allegation contained in paragraph "39" of Plaintiff's Second Amended Complaint.

40. Deny each and every allegation contained in paragraph "40" of Plaintiff's Second Amended Complaint.

41. Deny knowledge or information as to the allegations contained in Paragraph "41" of the Second Amended Complaint.

## FIRST COUNT
### Statutory Claim vs. YS2

42. In response to the allegations contained in the paragraph designated as "42" of Plaintiff's Second Amended Complaint, Answering Defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "42" of Plaintiff's Second Amended Complaint as if fully set forth at length herein.

43. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

44. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

## SECOND COUNT
### Negligence vs. YS2

46.     In response to the allegations contained in the paragraph designated as "46" of Plaintiff's Second Amended Complaint, Answering Defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "46" of Plaintiff's Second Amended Complaint as if fully set forth at length herein.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

48.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

49.     Deny, as to the Answering Defendants, each and every allegation contained in paragraph "49" of Plaintiff's Second Amended Complaint.

## THIRD COUNT
### Negligence vs. Owner Defendants

50.     In response to the allegations contained in the paragraph designated as "50" of Plaintiff's Second Amended Complaint, Defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "50" of Plaintiff's Second Amended Complaint as if fully set forth at length herein.

51.     Deny, as to the Answering Defendant, each and every allegation contained in paragraph "51" and respectfully refers all questions of law to the Court.

52.     Deny, as to the Answering Defendant, each and every allegation contained in paragraph "52" and respectfully refers all questions of law to the Court.

53. Deny each and every allegation contained in paragraph "53" of Plaintiff's Second Amended Complaint.

## FOURTH COUNT
### Negligence/Gross Negligence vs. Lee

54. In response to the allegations contained in the paragraph designated as "54" of Plaintiff's Second Amended Complaint, Defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "54" of Plaintiff's Second Amended Complaint as if fully set forth at length herein.

55. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

56. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56" of Plaintiff's Second Amended Complaint and respectfully refers all questions of law to the Court.

57. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57" of Plaintiff's Second Amended Complaint.

## FIFTH COUNT
### Battery vs. Lee

58. In response to the allegations contained in the paragraph designated as "58" of Plaintiff's Second Amended Complaint, Defendants repeat and reiterate all responses to the allegations contained in the paragraphs designated as "1" through "58" of Plaintiff's Second Amended Complaint as if fully set forth at length herein.

59. Deny knowledge or information as to the allegations contained in Paragraph "59" of the Second Amended Complaint.

60.     Deny knowledge or information as to the allegations contained in Paragraph "60" of the Second Amended Complaint.

61.     Deny knowledge or information as to the allegations contained in Paragraph "61" of the Second Amended Complaint.

62.     Deny each and every allegation contained in paragraph "62" of Plaintiff's Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63.     That any injuries sustained by Plaintiff, as alleged in either the Second Amended Complaint or underlying Complaint herein, were caused in whole or in part by the contributory negligence, comparative negligence and/or culpable conduct of said Plaintiff, Defendant/Third-Party Plaintiff, and/or Young K. Lee and not as a result of the contributory negligence and/or culpable conduct on the part of the Answering Defendants or any Party under the control of the Answering Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64.     All risks and danger of loss or damages connected with a situation alleged in either the Second Amended Complaint were at the time and place mentioned obvious and apparent and were known by Plaintiff and voluntarily assumed by Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65.     That, in the event Plaintiff recover a verdict or judgment against the Answering Defendants, then said verdict or judgments must be reduced pursuant to CPLR §4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claimed expenses or other economic loss, from any collateral source such as insurance.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. That if Plaintiff sustained the injuries and/or damages complained of, all of which are denied the Answering Defendants, said injuries and/or damages were caused in whole or in part by the conduct of one or more parties for whose conduct the Answering Defendants are not responsible, had no control over, or with whom the Answering Defendants had no legal relation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. In accordance with CPLR §1601 et seq., the liability of the Answering Defendants, if any, for non-economic loss is limited to the Answering Defendants' equitable share, determined in accordance with the relative culpability of all persons and/or entities contributing to the total liability for non-economic loss, including parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. Plaintiff has failed to mitigate his damages so as to prevent or reduce the extent of the injuries and/or damages sustained.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. That if Plaintiff shall have a judgment and/or verdict in their favor over and against the Answering Defendants the judgment and/or verdict shall be precluded, modified, offset and/or reduced by any and all sums or consideration paid or promised to Plaintiff by any person, corporation or parties claimed to be liable for the injuries and/or damages alleged in either the Second Amended Complaint or underlying Complaint to the extent of the greater of either sum or consideration paid or promised to Plaintiff or in the amount of the released tortfeasor's equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law §§ 15-105 and 15-108.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70. That the injuries and damages to Plaintiff was caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of Plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care of the Plaintiff pursuant to CPLR Article 14 and 14-A.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. If Plaintiff sustained any injuries as alleged in either the Second Amended Complaint, said injuries were proximately caused by the independent, intervening and superseding actions of Plaintiff and others which could not reasonably have been foreseen and for which the Answering Defendants are not liable or responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

72. The Answering Defendants did not create, nor did it have actual or constructive notice of any conditions alleged in either the Second Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

73. Another Party, and their agents, servants and/or employees exclusively controlled the area where the alleged incident occurred.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

74. The damages allegedly suffered by Plaintiff were caused by an entity or individual other than the Answering Defendants who is a necessary Party and the Plaintiff has failed to name the entity or individual as a Party.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

75. The Answering Defendants did not breach any duties owed to Plaintiff, neither contractually nor by common law duty, and/or any alleged breach of duty was not the proximate cause of the Plaintiff's alleged damages.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

76. The Answering Defendants did not create the condition and had no notice of the condition that allegedly caused Plaintiff's accident.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

77. The Answering Defendants owed no duty of care, either contractually or by common law to the Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

78. The action is barred because, if it is determined that there was a defective condition which caused the alleged occurrence, it was trivial in nature.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

42. The action is barred because, if it is determined that there was a defective condition which caused the alleged occurrence, it was trivial in nature.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST YS2 ENTERPRISES INC. and YOUNG K. LEE FOR COMMON-LAW INDEMNITY

43. Upon information and belief, that if and in the event the Plaintiff. sustained any damages as alleged in the Second Amended Complaint, all of which are denied by the Answering Defendants, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful acts of Defendant/Third-Party Plaintiff YS2 ENTERPRISES INC. and Defendant,

YOUNG K. LEE, and not through any acts of negligence, culpable or wrongful conduct on the part of the Answering Defendants.

44.     By reason of the foregoing, the Answering Defendants are entitled to common-law indemnity from, and to have judgment over and against, Defendant/Third-Party Plaintiff YS2 ENTERPRISES INC. and Defendant, YOUNG K. LEE, for all or part of any verdict of judgment that Plaintiff may recover against said Answering Defendants.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST YS2 ENTERPRISES INC. and YOUNG K. LEE FOR COMMON-LAW CONTRIBUTION

45.     Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Second Amended Complaint, all of which is denied by the Answering Defendants, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful acts of the Defendant/ Plaintiff YS2 ENTERPRISES INC. and Defendant, YOUNG K. LEE, and not through any acts of negligence, culpable or wrongful conduct on the part of the Answering Defendants.

46.     By reason of the foregoing, the Answering Defendants are entitled to common-law contribution from, and to have judgment over and against, Defendant/Third-Party Plaintiff YS2 ENTERPRISES INC. and Defendant, YOUNG K. LEE, for all or part of any verdict of judgment that Plaintiff may recover against said Answering Defendants.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST YS2 ENTERPRISES, INC. FOR CONTRACTUAL INDEMNITY

47.     Upon information and belief, that if and in the event the Plaintiff sustained any damages in the manner alleged in the Second Amended Complaint, all of which is expressly denied herein, said damages were caused by the negligence, culpable conduct, intentional and/or wrongful

acts of the Defendant, YS2 ENTERPRISES, INC., and not through any acts of negligence, culpable or wrongful conduct on the part of the Answering Defendants.

48.     By reason of the foregoing, the Answering Defendants are entitled to full contractual indemnification from the Defendant, YS2 ENTERPRISES, INC. and said Defendant, YS2 ENTERPRISES, INC. shall indemnify and otherwise fully reimburse the Answering Defendants for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorney's fees and payment of all other costs and expenses incurred by the Answering Defendant.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST YS2 ENTERPRISES, INC. FOR FAILURE TO PROCURE INSURANCE

49.     Upon information and belief, that prior to the date of the accident alleged in the Second Amended Complaint, YS2 ENTERPRISES, INC., entered into a contract and/or agreement with the Answering Defendants and/or their agent.

50.     Upon information and belief, pursuant to such contract and/or agreement, YS2 ENTERPRISES, INC., agreed to procure insurance naming the Answering Defendants as additional insured and affording coverage to benefit the Answering Defendants and to defend, hold harmless, and otherwise indemnify the Answering Defendants.

51.     Upon information and belief, such contract and/or agreement was in effect on the date of the accident alleged in the Verified Complaint.

52.     Upon information and belief, YS2 ENTERPRISES, INC., failed to procure such insurance.

53.     Upon information and belief, that if and in the event that Plaintiff sustained any damages as alleged in the complaint, all of which is denied by the Answering Defendants, then

Answering Defendant shall be entitled to full indemnity and/or damages YS2 ENTERPRISES, INC., as to the obligation to procure such insurance, and YS2 ENTERPRISES, INC., shall indemnify, defend and otherwise fully reimburse the Answering Defendant for all costs and expenses incurred as a result of this lawsuit, including but not limited to payment of any judgment, payment of attorneys' fees and payment of all other costs and expenses incurred by the Answering Defendants.

## JURY DEMAND

54. Answering Defendants request a trial by jury.

**WHEREFORE**, Defendants MICHAEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG, hereby demand judgment dismissing the Second Amended Complaint in its entirety, with prejudice, and further demands judgment over and against Defendant/ Plaintiff YS2 ENTERPRISES INC. and Defendant YOUNG K. LEE on all cross-claims asserted and against said parties for all or part of any verdict and/or judgment rendered against Defendants, MICHAEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JUH DEBORAH WANG, including all costs and fees of this action and such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       September 5, 2018

                      Yours, etc.

                      **CHARTWELL LAW**

By:   Carmen Nicolaou, Esq. (CAN-5518)
*Attorneys for Defendants/Third-Party Defendants*
*MICHAEL S. WANG,* VICTORIA WANG as TRUSTEE OF THE *RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG*
81 Main Street, Suite 100
White Plains, New York 10601
(914) 259-8505
(914) 421-7777
File No.: 0063841

To:   Kevin J. Murtagh, Esq. (KJM-0456)
AHMUTY, DEMERS & McManus, ESQS
Attorneys for Defendant/ Plaintiff
*YS2 ENTERPRISES INC.*
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
File No: ORNA 167417 FAC

THE BASIL LAW GROUP, P.C.
Attorneys for Plaintiff
1270 Broadway, Suite 305
New York, New York 10001
(917) 513-3066
RobertJBasil@rjbasil.com

YOUNG K. LEE
 Defendant
72228 168th Street
Fresh Meadows, New York 11366