UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD SHIN,                                    17-cv-05183

                         Plaintiff,    **VERIFIED ANSWER TO**
                                       **FIRST AMENDED COMPLAINT**
         -against-                     **CROSS CLAIM & DEMANDS**

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JUNG DEBORAH WANG, And
YOUNG K. LEE,

                         Defendants.
----------------------------------------x

     The defendant **YOUNG K. LEE**, by his attorneys, **LONGO &**
**D'APICE, ESQS.**, answering the First Amended Complaint of the
plaintiff herein, alleges:

### I. ANSWERING THE PARTIES:

     1.   Denies any knowledge or information sufficient to form
a belief as to each and every allegation contained in paragraphs
numbered and designated "1", "2", "4", "5", "6", "7", "8", "9",
"10", "11", "12", "13" and "14" of the plaintiff's First Amended
Complaint.

     2.   Denies each and every allegation contained in
paragraph numbered and designated "3" of the plaintiff's First
Amended Complaint.

### II. ANSWERING JURISDICTION AND VENUE:

     3.   Denies any knowledge or information sufficient to form
a belief as to each and every allegation contained in paragraphs
numbered and designated "16" and "17" of the plaintiff's First
Amended Complaint.

4. Denies each and every allegation contained in paragraph numbered and designated "15" of the plaintiff's First Amended Complaint.

### III. ANSWERING FACTUAL ALLEGATIONS:

5. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "18", "19", "20", "21", "28", "29", "30", "31", "33" and "34" of the plaintiff's First Amended Complaint.

6. Denies each and every allegation contained in paragraphs numbered and designated "22", "23", "24", "25", "26", "27", "32", "35", "36", "37", "38", "39", "40" and "41" of the plaintiff's First Amended Complaint.

### IV. ANSWERING FIRST COUNT:
Statutory Claim vs. YS2

7. Denies each and every allegation contained in paragraph of the First Amended Complaint numbered and designated "42", except as otherwise pleaded herein.

8. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "44" and "45" of the plaintiff's First Amended Complaint.

9. Denies each and every allegation contained in paragraph numbered and designated "43" of the plaintiff's First Amended Complaint.

### V. **ANSWERING SECOND COUNT**:
Negligence vs. YS2

10. Denies each and every allegation contained in paragraph of the First Amended Complaint numbered and designated "46", except as otherwise pleaded herein.

11. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "47" and "48" of the plaintiff's First Amended Complaint.

12. Denies each and every allegation contained in paragraph numbered and designated "49" of the plaintiff's First Amended Complaint.

### VI. **ANSWERING THIRD COUNT**:
NEGLIGENCE vs. OWNER DEFENDANTS

13. Denies each and every allegation contained in paragraph of the First Amended Complaint numbered and designated "50", except as otherwise pleaded herein.

14. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "51", "52" and "53" of the plaintiff's First Amended Complaint.

### V1. **ANSWERING FOURTH COUNT**:
NEGLIGENCE/GROSS NEGLIGENCE vs. LEE

15. Denies each and every allegation contained in paragraph of the First Amended Complaint numbered and designated "54", except as otherwise pleaded herein.

16.   Denies each and every allegation contained in paragraphs numbered and designated "55", "56" and "57" of the plaintiff's First Amended Complaint.

### V1. ANSWERING FIFTH COUNT:
BATTERY vs. LEE

17.   Denies each and every allegation contained in paragraph of the First Amended Complaint numbered and designated "58", except as otherwise pleaded herein.

18.   Denies each and every allegation contained in paragraphs numbered and designated "59", "60", "61" and "62" of the plaintiff's First Amended Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE ANSWERING DEFENDANT SHOWS TO THIS COURT AND ALLEGES:

19.   That the injuries and damages allegedly sustained by the plaintiffs were caused by the failure and refusal of the plaintiff to exercise adequate care and caution in the premises, and by their assumption of all risks involved therein, plaintiff knew or should have known each and every risk involved therein and with the aforesaid knowledge engaged in the activities which subsequently led to his injuries.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE ANSWERING DEFENDANT SHOWS TO THIS COURT AND ALLEGES:

20.   That any injury or injuries sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of the answering defendant, but were caused solely by the negligence and carelessness on the part of

the plaintiff, and that said negligence and carelessness on the part of the plaintiff contributed to and caused the injuries complained of.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE ANSWERING DEFENDANT SHOWS TO THIS COURT AND ALLEGES:

21. That in the event the Defendant herein is held liable, such liability shall be limited in accord with the provisions of C.P.L.R. Sec. 1601, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE ANSWERING DEFENDANT SHOWS TO THIS COURT AND ALLEGES:

22. Pursuant to C.P.L.R.§4545, plaintiff's recovery should be reduced by any amounts received or to be received by plaintiff from collateral sources of payment.

SEE ANNEXED  -  CROSS CLAIMS

AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS,
**YS2 ENTREPRISES INC., MICHAEL S. WANG, RICHARDSON
IRREVOCABLE TRUST, TERRANCE WU and DEH-JUNG
DEBORAH WANG,**
THIS ANSWERING DEFENDANT ALLEGES:

**THAT** if the answering defendant is adjudged liable to
plaintiff herein by reason of the ownership of the vehicle
involved or otherwise, upon the facts or by operation of law,
then such liability will have come about either wholly and
solely by reason of the negligence of the co-defendants above
named, or the greater responsibility for the injuries and
damages sustained by the plaintiffs will be that of the co-
defendants above named, and that by reason of the foregoing, the
answering defendant demands that the Court, on the trial hereof,
ether grant judgment over in favor of the answering defendant
and against the co-defendants for the amount of any judgment
rendered herein, or to apportion the responsibility in
negligence, if any, between the parties;

**THAT** in the event the answering defendant is held liable to
the plaintiff herein, then the answering defendant demands
judgment against the co-defendants for such amount as he, she or
they may be required to pay the plaintiffs over and above his,
her or their proportionate share as may be determined by the
apportionment of responsibility as adjudged herein.

**WHEREFORE,** answering defendant demands judgment dismissing
the First Amended Complaint herein and further demands that the
Court apportion the responsibility, if any, between the
defendants and further demands judgment over and against the co-
defendants, above named, for the amount of any sums paid to
plaintiff over and above his, her or their proportionate share
of any judgment as determined by the apportionment of
responsibility adjudged herein, together with costs and
disbursements of this action.

Dated: Brooklyn, New York
November 8, 2018

               LONGO & D'APICE, ESQS.

By:    MARK A. LONGO, ESQ.
       LONGO & D'APICE, ESQS.
       Attorneys for Defendant,
       **YOUNG K. LEE**
       26 Court Street - Suite 1700
       Brooklyn, New York 11242
       (718)855-5684
       Our File No. A3028W

TO: SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

EDWARD SHIN,                              17-cv-05183

                    Plaintiff,

                                          **INTERROGATORIES**

          -against-

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JUNG DEBORAH WANG, And
YOUNG K. LEE,

                    Defendants.
----------------------------------------x

**S I R:**

          **PLEASE TAKE NOTICE** that you are hereby requested to
serve and file the following particulars of plaintiff's alleged
causes of action herein within twenty (20) days from the date of
service hereof:

          1)     The date and exact time of day of the
occurrence.

          2)     State the location of the incident in
sufficient detail to permit identification, giving the precise
location where the incident allegedly occurred.

          3)     Set forth the specific acts or omissions on the
part of the defendant which constituted the claimed negligence.

          4)     Set forth the specific acts or actions on the
part of the plaintiff immediately prior to the alleged incident
herein.

          5)     Set forth the specific acts or actions on the
part of the defendant immediately prior to the alleged incident
herein.

          6)     Set forth the specific actions on the part of
the plaintiff which caused the defendant to allegedly
offensively and intentionally cause bodily contact with the said
plaintiff.

7)     Set forth the age of the plaintiff at the time of the alleged incident.

8)     Set forth the names and addresses of any and all persons present at the time of the occurrence.

9)     State the exact time and place if and when a complaint was first made to the Police or Police agency.

10)     State whether there were any eyewitnesses to the alleged incident known to the Police Department or any police agency, or the plaintiff.  If so, set forth the name(s); address(es) of the said person(s).

11)     Provide the defendant with the substance of all oral statements made by any and all witnesses, including the plaintiff, **EDWARD SHIN,** and copies of all statement(s) made by any and all witness(es), including the plaintiff, if reduced to writing (whether signed or unsigned) or if otherwise recorded, provide copies thereof.

12)     State whether the defendant is alleged to have made oral or written statements.  If so, state whether the alleged statement was made to a Police Officer or any other person.

13)     State the name(s), address(es) of the person(s) to whom such statement was made; state the exact time and date and place where the alleged statement was made; state the name(s), address(es) and birth date(s) of any and all persons present when the alleged statement was made.

14)     Set forth the nature, extent, location and duration of each and every injury alleged to have been sustained by the plaintiff, and which, if any, are claimed to be permanent in nature.

15)     Set forth the length of time, giving specific dates, the plaintiff was confined to (a) the hospital; (b) to bed and home as a result of the alleged injuries.

16)     The length of time incapacitated from employment as a result of the alleged injuries, with the name and address of plaintiff's employer at the time of the alleged incident, and the amount of time lost therefrom.

17)     If plaintiff is not employed, specifically state the amount of time lost from his usual occupation.

18) Separately state each amount claimed as special damages for said plaintiff as a result of the alleged incident, for:

(a) Physician's services;
(b) Medical supplies;
(c) Nurses' services;
(d) Loss of earnings;
(e) Hospital expenses, with name and address of hospital;
(f) X-ray expenses;
(g) Miscellaneous expenses;
(h) Name and address of Plaintiff's employer at the time of the occurrence, the position held by Plaintiff and rate of earnings; or, if self-employed, the name and address under which Plaintiff is doing business. If Plaintiff is a student, the name and address of the school attended at the time of the occurrence.

19) Set forth the specific acts or omissions on the part of the defendant which constitute the claimed intentional actions, specifying which, if any, actions were willful and/or intentional and which were without provocation.

20) In what respect is it claimed plaintiff has sustained a serious injury, as defined in Sub-division of Section 671 of the Insurance Law, or economic loss greater than basic economic loss, as defined in Sub-division 1 of Section 671 of the Insurance Law.

21) State whether actual or constructive notice is claimed.

(a) If actual notice is claimed, state the time, place and the name of the person to whom such notice was given.

(b) If constructive notice is claimed, state how long the condition existed.

22) The sections of statutes, ordinances, rules and regulations claimed to have been violated by Defendant.

23) Set forth in precise detail the specific facts which led to the incident complained of herein.

24)   Set forth with specificity, the reason(s) the attack upon the plaintiff allegedly occurred.

25)   Set forth with specificity what caused the alleged attack.

**PLEASE TAKE FURTHER NOTICE**, that in the event of the plaintiffs' failure to comply with the foregoing demand within twenty (20) days, the answering defendant will move to preclude plaintiffs from offering any evidence as to any allegations of the Complaint of which particulars were demanded.

Dated:   Brooklyn, New York
         November 8, 2018


                                LONGO & D'APICE, ESQS.


                          By:   MARK A. LONGO, ESQ.
                                Attorneys for Defendant,
                                **YOUNG K. LEE**
                                26 Court Street - Suite 1700
                                Brooklyn, New York 11242
                                (718) 855-5684
                                Our File No. A3028W


TO:   SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

EDWARD SHIN,                                    17-cv-05183

                     Plaintiff,        **DEMAND FOR COPIES OF**
                                       **PLAINTIFF'S MEDICAL &**
        -against-                      **HOSPITAL RECORDS AND**
                                       **BILLS**

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                     Defendants.

------------------------------------x

**S I R:**

    **PLEASE TAKE NOTICE,** that pursuant to the Rules of the

Appellate Division, Second Department, demand is hereby made

upon the plaintiff or his attorneys to:

    1.   Serve upon and deliver to the attorneys for the
    defendant copies of the medical reports of those
    physicians who have previously treated or examined the
    plaintiff and who will testify on his behalf.  These shall
    include a detailed recital of the injuries and conditions
    as to which testimony will be offered at the trial,
    referring to and identifying those x-rays and
    technician's reports which will be offered at the trial.

    2.   Serve upon and deliver to the attorneys for the
    defendant duly executed and acknowledged written
    authorizations permitting all parties to obtain and make
    copies of all hospital records and such other records
    including x-rays and technician's reports as to be referred
    to and identified in the statement of the plaintiff's
    physicians.

    3.   Serve upon and deliver to the attorneys for the
    defendant duly executed and acknowledged written
    authorizations permitting all parties to obtain and make
    copies of the No-Fault file.

    **PLEASE TAKE FURTHER NOTICE,** that upon your failure to

comply with this Demand, the plaintiff will be precluded upon

the trial of the within action from offering in evidence or
testifying as to any of the reports, records or examinations
demanded herein.

Dated:   Brooklyn, New York
         November 8, 2018


                                    LONGO & D'APICE, ESQS.



                              By:   MARK A. LONGO, ESQ.
                                    Attorneys for Defendant,
                                    **YOUNG K. LEE**
                                    26 Court Street - Suite 1700
                                    Brooklyn, New York 11242
                                    (718) 855-5684
                                    Our File No. A3028W


TO:   SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD SHIN,                                    17-cv-05183

                          Plaintiff,   **DEMAND FOR COLLATERAL**
                                       **SOURCE INFORMATION**

              -against-

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                          Defendants.
----------------------------------------x

**S I R S:**

              **PLEASE TAKE NOTICE,** that if the plaintiff is
claiming damages for the recovery of costs for medical care,
dental care, custodial care, rehabilitation services, loss of
earnings or other economical loss, then:

              **PLEASE TAKE NOTICE,** that demand is hereby made
pursuant to Section 4545(c) of the C.P.L.R. for records,
notices, invoices, cancelled checks, insurance contracts,
statements, premium invoices, bills, union benefit contracts,
statements of accounts, correspondence, notations and memoranda,
by whatever name known, that would reflect the following:

                    1.    The amount paid to or on behalf of the
                    plaintiff by insurance, social security,
                    worker's compensation, employee benefits pro-
                    grams, medical care programs or other
                    collateral sources replacing or indemnifying
                    plaintiff for the costs claimed to be items of
                    damage;

                    2.    The amounts paid by the plaintiff, if
                    any, to the collateral source provider (or
                    others) for the period of two (2) years prior
                    to the date of the incident complained of in
                    plaintiffs' Complaint;

                    3.    The amounts paid or reasonably antici-
                    pated to be paid, if any, by the plaintiff to
                    the collateral source provider (or others) for
                    the period beginning on the date of the
                    incident complained of in the Complaint, to
                    the time when such damage costs were no longer
                    paid.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce the aforesaid information and/or documents within thirty (30) days, a motion may be made and costs may be requested.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing is a continuing demand. In the event any of the above are obtained after this demand, they are to be furnished to the undersigned within thirty (30) days of receipt.

Dated: Brooklyn, New York
      November 8, 2018

LONGO & D'APICE, ESQS.

By:    MARK A. LONGO, ESQ.
        Attorneys for Defendant,
        **YOUNG K. LEE**
        26 Court Street - Suite 1700
        Brooklyn, New York 11242
        (718) 855-5684
        Our File No. A3028W

TO:  SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD SHIN,

17-cv-05183

Plaintiff,                **DEMAND FOR**
                          **DISCLOSURE AS TO**
        -against-         **MEDICARE/MEDICAID LIEN**

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                Defendants.
----------------------------------------x

**S I R S:**

        **PLEASE TAKE NOTICE,** that pursuant to Article 31 of

the Civil Practice Law and Rules, the undersigned attorney for

the defendant hereby demands that you furnish us within thirty

(30) days of the service of this Notice, the following:

        1.    A statement as to whether the plaintiff has
        received benefits from either Medicare or Medicaid
        at any time, for any reason, not limited to the
        injuries alleged in the instant action.  If so,
        please state:

        a.    Plaintiff's date of birth;
        b.    Plaintiff's Social Security Number;
        c.    Plaintiff's resident telephone number;
        d.    The Medicare/Medicaid file number;
        e.    The address of the office handling the
              plaintiff's Medicare/Medicaid file;
        f.    Copies of all documents, records,
              memorandums, notes, etc. in plaintiff's
              possession pertaining to plaintiff's
              receipt of Medicare or Medicaid benefits,
              and

        g.    A duly executed authorization bearing
              plaintiff's date of birth and Social
              and/or representative of defendant to
              obtain copies of plaintiff's Medicare or
              Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to
C.P.L.R., this is a continuing demand and that you are required
to serve the demanded information by the earliest of the
following:

        a.     Within 30 days of the date of this demand;
        b.     Within 20 days of receiving the above-
             requested information;
        c.     No later than 30 days prior to the commence-
             ment of trial.

        If you do not possess the above requested
information, a letter or affidavit to that effect should be
submitted.

        **PLEASE TAKE FURTHER NOTICE**, that failure to provide
the items demanded above within twenty (20) days will preclude
plaintiff from proving liability, causation and damages at
trial.

Dated:  Brooklyn, New York
       November 8, 2018


                                         LONGO & D'APICE, ESQS.

By:     MARK A. LONGO, ESQ.
        Attorneys for Defendant,
        **YOUNG K. LEE**
        26 Court Street - Suite 1700
        Brooklyn, New York 11242
        (718) 855-5684
        Our File No. A3028W

TO:  SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EDWARD SHIN,                                    17-cv-05183

                            Plaintiff,          **NOTICE OF DISCOVERY**
                                                **AND INSPECTION**

        -against-

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                            Defendants.
----------------------------------------x

**S I R:**

        **PLEASE TAKE NOTICE** that the defendants and/or
plaintiff herein, pursuant to Sec. 3101 et seq., and Section of
the C.P.L.R. 3120, are required to produce and allow discovery,
inspection and copying by the undersigned attorneys, of the
following items, writings and objects, maintained, controlled
and/or supervised by the defendants and/or plaintiff, or their
agents, servants and/or employees.

        IN LIEU of strict compliance with the terms and
conditions of this Notice, the undersigned will accept clearly
legible photocopies of the said items if received by the
undersigned at least five (5) days prior to the return date
hereof, together with a letter from the attorneys for defendants
and/or plaintiffs advising as to the completeness of the items
provided.

**PLACE OF DISCOVERY:** At the offices of LONGO & D'APICE, ESQS.
                                        26 Court Street-Suite 1700
                                        Brooklyn, New York 11242

**DATE & TIME:**        3rd day of December, 2018 at 2:00 P.M.

                **ITEMS TO BE PRODUCED TO THE WITHIN ACCIDENT:**

            1)  All contracts of insurance coverage in
                effect at the time of the accident and/or
                incident which occurred on the date of the
                occurrence herein that would afford
                primary coverage or excess insurance cover-
                age for the owner and/or driver and/or
                lessee of the defendants and/or plaintiffs
                vehicle; premises; property; land.

2)   All family policies of liability insurance
     which would afford primary coverage to the
     defendants and/or plaintiffs owner and/or
     operator and/or lessee of the defendants
     and/or premises, property; land.

3)   Any other insurance contract which would
     afford primary or excess coverage, includ-
     ing any "umbrella" policy for vehicle; pre-
     mises; property; land.

4)   Any and all statements, abstracts of records
     and/or writing taken by the defendants
     and/or plaintiff individually or by the
     defendants and/or plaintiff's attorneys,
     and/or agents from the plaintiff and/or
     defendants with reference to the within
     litigation which are presently in the
     possession of the defendants and/or plain-
     tiff, agents or attorneys pursuant to
     C.P.L.R. 3101(c), and which will be used on
     the trial herein.

5)   Set forth the name and address of each
     person plaintiff will or expects to call
     as an expert witness at trial and disclose
     in reasonable detail the subject matter on
     which each expert is expected to testify,
     the qualifications of each expert witness
     and a summary of the grounds for each ex-
     pert's opinion.

6)   All photographs under the control of de-
     fendants and/or plaintiffs or their at-
     torneys or representatives showing the con-
     dition of the scene alleged to represent the
     incident scene as of the time of said inci-
     dent, and which is intended to be introduced
     at the trial for that purpose.

7)   A copy of the incident report filled out by
     the defendants and/or plaintiff, their
     agents and/or employees, following the hap-
     pening of the incident herein, and taken in
     normal course of business and prior to
     litigation.

8)  The names and addresses of any witnesses to
    the within incident obtained by the de--
    fendants and/or plaintiff, their agents,
    and/or employees. <u>Zellman vs. Metropolitan
    Transportation</u>, 40 A.D. 2d 298; <u>Zayes vs.
    Morales</u>, 45 A.D. (2d) 610.

9)  Copies of statements from any witnesses or
    participants to the within incident which is
    the subject of this litigation. <u>Koump vs.
    Smith</u>, 25 N.Y. (2d) 287.

10) Original duly executed authorizations to
    obtain No-Fault Records, employment records,
    medical and/or hospital records and school
    authorizations, if applicable.

11) DEMAND is hereby made upon you that you
    serve upon the undersigned attorneys, a
    list of the names of all the parties who
    have appeared in this action, together with
    the names and addresses of their respective
    attorneys, pursuant to Section 2103 (3)
    of the C.P.L.R.

    **PLEASE TAKE FURTHER NOTICE** that all the foregoing
discovery information is to be furnished prior to the trial of
this action.

Dated:  Brooklyn, New York
        November 8, 2018

                              LONGO & D'APICE, ESQS.

                        By:   MARK A. LONGO, ESQ.
                              Attorneys for Defendant,
                              **YOUNG K. LEE**
                              26 Court Street - Suite 1700
                              Brooklyn, New York 11242
                              (718) 855-5684
                              Our File No. A3028W

TO:  SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

EDWARD SHIN,                                    17-cv-05183

                        Plaintiff,

                                                **NOTICE TO TAKE**
            -against-                           **DEPOSITION UPON**
                                                **ORAL EXAMINATION**

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                        Defendants.
------------------------------------------x

**C O U N S E L:**

        **PLEASE TAKE NOTICE,** that pursuant to Rule 30, et
seq.,F.R.C.P., the testimony upon oral examination of the
persons named shall be taken before a Notary Public, as follows:

**PARTIES TO BE EXAMINED:**        The Plaintiff, **EDWARD SHIN** and
                                   co-defendants **YS2 ENTREPRISES**
                                   **INC., MICHAEL S. WANG, RICHARDSON**
                                   **IRREVOCABLE TRUST, TERRANCE WU,**
                                   **DEH-JUNG DEBORAH WANG,** or their
                                   representatives.

**DATE AND TIME:**                 At a date, time and place to be
                                   fixed by the Magistrate at a
                                   Status Conference to be held
                                   herein.

**PLACE:**                         U.S. DISTRICT COURT,
                                   EASTERN dISTRICT OF NEW YORK at
                                   Cadman Plaza, Brooklyn, New York.

Dated:  Brooklyn, New York
        November 8, 2018

                                   LONGO & D'APICE, ESQS.

                          By:      MARK A. LONGO, ESQ.
                                   Attorneys for Defendant,
                                   **YOUNG K. LEE**
                                   26 Court Street - Suite 1700
                                   Brooklyn, New York 11242
                                   (718) 855-5684
TO: SEE ANNEXED RIDER              Our File No. A3028W

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SHANTI CHADHA,                                    18-cv-00316

                              Plaintiff,          **DEFFENDANTS' DISCLOSURE
                                                  OF INTERESTED PARTIES**

                    -against -

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                              Defendants.
----------------------------------------x

    I, **MARK A. LONGO, ESQ.**, attorney for defendant **YOUNG K. LEE**

having filed an initial pleading in the Court pursuant to Local

General Rule 9 of the Local Rules for the Southern and Eastern

Districts of New York:

    **THAT** the Defendant, **YOUNG K. LEE** is insured by Allstate

Insurance Company.

Dated:  Brooklyn, New York
       November 8, 2018

                              LONGO & D'APICE, ESQS.


                    By:  MARK A. LONGO, ESQ.
                              Attorneys for Defendant,
                              **YOUNG K. LEE**
                              26 Court Street - Suite 1700
                              Brooklyn, New York 11242
                              (718) 855-5684
                              Our File No. A2940W


TO: SEE ANNEXED RIDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
EDWARD SHIN,                                          17-cv-05183

                              Plaintiff,      **DEFENDANTS' RESPONSE**
                                              **TO RULE 26 DISCLOSURE**

-against-

YS2 ENTREPRISES INC., MICHAEL S. WANG,
RICHARDSON IRREVOCABLE TRUST, TERRANCE
WU, DEH-JNG DEBORAH WANG and
YOUNG K. LEE,

                              Defendants.
--------------------------------------x

**S I R:**

The defendant **YOUNG K. LEE** by his attorneys LONGO &
D'APICE, ESQS., respectfully responds to the mandatory
disclosure requirements pursuant to F.R.P.C. Rule 26,
in connection with the above captioned as follows:

1.    The defendant will provide liability insurance
coverage(s) at a later date.

2.    The defendant are presently unaware of any witnesses
to the within subject occurrence other than the parties herein.

3.    The defendant does not presently possess any adverse
party statements.

4.    The defendant does not presently possess any pictures,
videotapes, photographs taken of (a) the scene of the incident;
(b) the plaintiff; or (c) the instrumentalities involved in said
incident.

5.    The defendant has not retained an expert witness at
the present time, but reserves the right to appoint an expert

witness in the future.

**PLEASE TAKE NOTICE**, that the defendant reserves the right
to supplement any part of this response if pertinent information
becomes available at a later date.

Dated:  Brooklyn, New York
        November 8, 2018

                              LONGO & D'APICE, ESQS.


                         By:  MARK A. LONGO, ESQ.
                              Attorneys for Defendant,
                              **YOUNG K. LEE**
                              26 Court Street - Suite 1700
                              Brooklyn, New York 11242
                              (718) 855-5684
                              Our File No. A3028W

TO: SEE ANNEXED RIDER

## V E R I F I C A T I O N:

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, COUNTY OF KINGS  SS:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am **MARK A. LONGO, ESQ.**, the attorney of record for defendant **YOUNG K. LEE** in the within action; I have read the foregoing **VERIFIED ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES CROSS CLAIMS AND DEMANDS,** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by defendants - do not reside in County wherein deponent's office is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

A review of the file(s) maintained in this office.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:   Brooklyn, New York
         November 8, 2018

_____

MARK A. LONGO

**R I D E R:**

The Basil Law Group, P.C.
Attorneys for Plaintiff
1270 Broadway, Suite 305
New York, New York 10001
(917)512-3066

Ahmuty, Demers & McManus
Attorneys for Defendant,
**YS2 ENTERPRISES, INC.**
200 IU Willets Road
Albertson, New York 11507
(516)293-5433

The Chartwell Law Offices, LLP
Attorneys for Defendants,
**MICHAEL S. WANG, RICHARDSON
IRREVOCABLE TRUST,
DEH-JUNG DEBORAH WANG**, and
**TERRENCE WU**
81 Main Street, Suite 100
White Plains, New York 10601
(914)259-8505

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, COUNTY OF KINGS  SS:

I, **PHYLLIS SACCENTI**, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Brooklyn, New York, 11215.

On **November 8, 2018,** I served the within **VERIFIED ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES CROSS CLAIMS AND DEMANDS,** by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

SEE ANNEXED RIDER

PHYLLIS SACCENTI

Sworn to before me on this
8th day of November, 2018.

NOTARY PUBLIC

MARK A. LONGO
Notary Public, State of New York
Qualified in Kings County
Commission Expires November 16, 2021

**Index No. 17-cv-05183**       **Year**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

EDWARD SHIN,

                                        Plaintiff,

                  -against-

YS2 ENTREPRISES INC., MICHAEL S. WANG, RICHARDSON IRREVOCABLE
TRUST, TERRANCE WU, DEH-JNG DEBORAH WANG and YOUNG K. LEE,

                              Defendants.

**VERIFIED ANSWER TO
FIRST AMENDED COMPLAINT
AFFIRMATIVE DEFENSES
CROSS CLAIMS & DEMANDS**

LAW OFFICES OF
**LONGO & D'APICE, ESQS.**
*Attorneys for Defendant,*
**YOUNG K. LEE**
*Office and Post Office Address, Telephone*
26 COURT STREET - SUITE 1700
BROOKLYN, NEW YORK 11242
(718) 855-5684
(718) 722-7300

To                              Signature (Rule 130.1-a)

Attorney(s) for                 ........................
                                Print name beneath

Service of a copy of the within is hereby admitted.

Dated,

                                ........................
                                Attorney(s) for