UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD SHIN,                                                    1:17-cv-05183 (ILG)(SMG)

                                        Plaintiff,              **AMENDED ANSWER TO
                                                                SECOND AMENDED
                    -against-                                   COMPLAINT**

YS2 ENTERPRISES INC., MICHAEL S. WANG,                          **Jury Trial Demanded**
VICTORIA WANG as TRUSTEE OF THE RICHARDSON
IRREVOCABLE TRUST, TERRANCE WU, DEH-JUNG
DEBORAH WANG, and YOUNG K. LEE,

                                        Defendants.
------------------------------------------------------------------------X

        The defendant, YS2 ENTERPRISES INC., by its attorneys, AHMUTY, DEMERS &

McMANUS, ESQS., as and for its amended answer to the plaintiff's Second Amended

Complaint, alleges upon information and belief:

## I. THE PARTIES

        1:       Denies upon information and belief each and every allegation contained in

paragraph designated "1" of the Second Amended Complaint except admits that the plaintiff

purports to bring this action and to seek relief as set forth therein, and denies information and belief

regarding the ownership of the premises at issue.

        2:       Denies having knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraph designated "2" of the Second Amended Complaint.

        3:       Denies having knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs designated "3" of the Second Amended Complaint and

refers all questions of law to this Honorable Court.

        4:       Denies having knowledge or information sufficient to form a belief as to each and

every allegation contained in paragraphs designated "4" of the Second Amended Complaint.

5:      Denies upon information and belief each and every allegation contained in paragraph designated "5" of the Second Amended Complaint, except admits that defendant, YS2 is a domestic business corporation and refers all questions of law to this Honorable Court and further respectfully begs leave to refer to all documents at the time of trial.

6:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "6" of the Second Amended Complaint.

7:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "7" of the Second Amended Complaint.

8:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "8" of the Second Amended Complaint.

9:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Second Amended Complaint.

10:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the Second Amended Complaint.

11:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11" of the Second Amended Complaint.

12:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "12" of the Second Amended Complaint.

13:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "13" of the Second Amended Complaint.

14:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "14" of the Second Amended Complaint.

## II. JURISDICTION AND VENUE

15:      Denies upon information and belief each and every allegation contained in paragraph designated "15" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

16:      Denies upon information and belief each and every allegation contained in paragraph designated "16" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

17:      Denies upon information and belief each and every allegation contained in paragraph designated "17" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## III. FACTUAL ALLEGATIONS

18:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "18" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

19:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "19" of the Second Amended Complaint and begs leave to refer to all documents at the time of trial.

20:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "20" of the Second Amended Complaint.

21:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "21" of the Second Amended Complaint.

22:     Denies upon information and belief each and every allegation contained in paragraph designated "22" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

23:     Denies upon information and belief each and every allegation contained in paragraph designated "23" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

24:     Denies upon information and belief each and every allegation contained in paragraph designated "24" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

25:     Denies upon information and belief each and every allegation contained in paragraph designated "25" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

26:     Denies upon information and belief each and every allegation contained in paragraph designated "26" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

27:     Denies upon information and belief each and every allegation contained in paragraph designated "27" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

28:     Denies upon information and belief each and every allegation contained in paragraph designated "28" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

29:     Denies upon information and belief each and every allegation contained in paragraph designated "29" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

30:     Denies upon information and belief each and every allegation contained in paragraph designated "30" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

31:     Denies upon information and belief each and every allegation contained in paragraph designated "31" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

32:     Denies upon information and belief each and every allegation contained in paragraph designated "32" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

33:     Denies upon information and belief each and every allegation contained in paragraph designated "33" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

34:     Denies upon information and belief each and every allegation contained in paragraph designated "34" of the Second Amended Complaint as to this answering defendant,

otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

35:     Denies upon information and belief each and every allegation contained in paragraph designated "35" of the Second Amended Complaint.

36:     Denies upon information and belief each and every allegation contained in paragraph designated "36" of the Second Amended Complaint.

37:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "37" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

38:     Denies upon information and belief each and every allegation contained in paragraph designated "38" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

39:     Denies upon information and belief each and every allegation contained in paragraph designated "39" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

40:     Denies upon information and belief each and every allegation contained in paragraph designated "40" of the Second Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

41:     Denies upon information and belief each and every allegation contained in paragraph designated "41" of the Second Amended Complaint as to this answering defendant,

otherwise denies having knowledge or information sufficient to form a belief and refers all questions of law to this Honorable Court.

## IV. FIRST COUNT

### Statutory Claim vs. YS2

42:    Defendant, YS2 ENTERPRISES INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "41" as if more specifically set forth in answer to paragraph designated "42" of the Second Amended Complaint and each and every part thereof.

43:    Denies upon information and belief each and every allegation contained in paragraph designated "43" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

44:    Denies upon information and belief each and every allegation contained in paragraph designated "44" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

45:    Denies upon information and belief each and every allegation contained in paragraph designated "45" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## V. SECOND COUNT
### Negligence

46:    Defendant, YS2 ENTERPRISES INC., repeats, reiterates and realleges each and every denial in answer to paragraphs "1" through "45" as if more specifically set forth in answer to paragraph designated "46" of the Second Amended Complaint and each and every part thereof.

47:     Denies upon information and belief each and every allegation contained in paragraph designated "47" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

48:     Denies upon information and belief each and every allegation contained in paragraph designated "48" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

49:     Denies upon information and belief each and every allegation contained in paragraph designated "49" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## VI. THIRD COUNT

## NEGLIGENCE vs. OWNER DEFENDANTS

50:     Defendant, YS3 ENTERPRISES INC. repeats, reiterates and realleges each and every denial in answer to the paragraphs designated "1" through "49" as if more specifically set forth in answer to paragraph designated "50" of the Second Amended Complaint and each and every part thereof.

51:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "51" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

52:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "52" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

53:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "53" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## VI. FOURTH COUNT

### NEGLIGENCE/GROSS NEGLIGENCE vs. LEE

54:     Defendant, YS3 ENTERPRISES INC. repeats, reiterates and realleges each and every denial in answer to the paragraphs designated "1" through "53" as if more specifically set forth in answer to paragraph designated "54" of the Second Amended Complaint and each and every part thereof.

55:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "55" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

56:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "56" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

57:     Denies upon information and belief each and every allegation contained in paragraph designated "57" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## VI. FIFTH COUNT

### BATTERY vs. LEE

58:     Defendant, YS3 ENTERPRISES INC. repeats, reiterates and realleges each and every denial in answer to the paragraphs designated "1" through "57" as if more specifically set

forth in answer to paragraph designated "58" of the Second Amended Complaint and each and every part thereof.

59:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "59" of the Second Amended Complaint.

60:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "60" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

61:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "61" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

62:      Denies upon information and belief each and every allegation contained in paragraph designated "62" of the complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63:      That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through his own culpable conduct, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to him, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64:      Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65:      That the plaintiff has failed to join necessary parties pursuant to CPLR 1001.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

66:      Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

67:      Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damage alleged.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

68:      That the plaintiff assumed the risk related to activity causing the injuries sustained.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

69:      This answering defendant is pleading set off, partial payment and release for any and all monies received by plaintiff with respect to the damages alleged.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

70:      If plaintiff sustained any injuries as alleged in either the Second Amended Complaint, said injuries were proximately caused by the independent, intervening and superseding actions of plaintiff and others which could not reasonably have been foreseen and for which the answering defendant is not liable or responsible.

**AS AND FOR A CROSS CLAIM OVER
AND AGAINST THE CO-DEFENDANTS,
MICHAEL S. WANG, VICTORIA WANG AS TRUSTEE
OF THE RICHARDSON IRREVOCABLE TRUST, TERRANCE WU,
DEH-JUNG DEBORAH WANG, AND YOUNG K. LEE, THE DEFENDANT,
YS2 ENTERPRISES INC., ALLEGES UPON INFORMATION AND BELIEF:**

71:     That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's  second amended complaint and in the manner alleged therein, though any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the co-defendants, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering defendant contributing thereto; and if the answering defendant is found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's verified complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to the answering defendant and bound to fully indemnify and hold the answering defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross claim.

WHEREFORE, the defendant, YS2 ENTERPRISES INC., demands judgment dismissing the plaintiff's second amended complaint on the merits; and if the plaintiff, EDWARD SHIN, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident or damages and further demand judgment over and against the co-defendants, MICHAEL S. WANG, VICTORIA WANG AS TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRANCE WU, DEH-JUNG DEBORAH WANG, and YOUNG K. LEE, on the cross-claim, for the amount of any judgment obtained against the answering defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

DATED:     Albertson, New York
           December 12, 2018

                              By:  Frank A. Cecere, Esq . (FAC-6978)
                              AHMUTY, DEMERS & McMANUS, ESQS.
                              Counsel for Defendant
                              YS2 ENTERPRISES INC.
                              200 I.U. Willets Road
                              Albertson, New York 11507
                              (516) 294-5433
                              E-Mail:  Frank.Cecere@admlaw.com
                              (File No.: ORNA 167417FAC)

TO:

       Robert J. Basil, Esq.
       THE BASIL LAW GROUP, P.C.
       Attorneys for Plaintiff
       1270 Broadway, Suite 305
       New York, New York 10001
       (917) 512-3066
       robertjbasil@rjbasil.com

THE CHARTWELL LAW OFFICES, LLP
Attorneys for Defendants
MICHAEL S. WANG, VICTORIA WANG as
TRUSTEE OF THE RICHARDSON
IRREVOCABLE TRUST, DEH-JUNG
DEBORAH WANG AND TERRENCE WU
81 Main Street, Suite 100
White Plains, New York  10601
(914) 259-8505

LONGO & D'APICE, ESQS.
Attorneys for Defendant
YOUNG K. LEE
26 Court Street, Suite 1700
Brooklyn, New York  11242
(718) 855-5684