199 WATER STREET, 16TH FLOOR
NEW YORK, NY 10038
(212) 513-7788

634 PLANK ROAD, SUITE 205 A
CLIFTON PARK, NY 12065
(518) 387-3604

55 CHURCH STREET, SUITE 205
WHITE PLAINS, NY 10601
(914) 584-9934

AHMUTY, DEMERS & MCMANUS

ATTORNEYS AT LAW
200 I.U. WILLETS ROAD
ALBERTSON, NEW YORK 11507

(516) 294-5433

FACSIMILE (516) 294-5387

1531 ROUTE 82
HOPEWELL JUNCTION, NY 12533
(845) 223-3470

20 WEST MAIN STREET, SUITE 205
RIVERHEAD, NY 11901
((516) 535-1844

65 MADISON AVENUE
SUITE 400
MORRISTOWN, NJ 07960
(973) 984-7300

February 26, 2019

***VIA ECF***

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
Docket No. : 1:17-cv-05183 (ILG)(SMG)
Our File No. : ORNA 167417FAC

Dear Magistrate Judge Gold:

This office represents the defendant YS2 Enterprises (hereinafter "YS2") in the above referenced matter. This letter brief will serve as our response to the letter brief dated February 15, 2019 submitted by attorney Robert J. Basil.

The defendant YS2 maintains that Mr. Basil has failed to demonstrate that there is no conflict of interest by his dual representation of the plaintiff and certain non-parties in this case. To the contrary, it is clear that a conflict of interest does exist as explained below

By way of background, the plaintiff is the President and CEO of Noah Bank. On April 21, 2017, he was present at a karaoke club where he admittedly got drunk and fell down a flight of stairs.

Per our early discussions with Mr. Basil, we were aware of Mr. Basil's general representation of Noah Bank and involvement in bank business, as well as having relationships with many people associated with the Bank or individual associated with the building in question in one form or another. Despite this, our office did not raise any objection.

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
    Docket No.    : 1:17-cv-05183 (ILG)(SMG)
    Our File No.   : ORNA 167417FAC

Page 2

The issue of conflict and privilege has only arisen as during the discovery process, Mr. Basil, on behalf of the plaintiff, has indicated that he would be claiming privilege and confidentially with non party witnesses, and would otherwise be representing these persons/entities as same relates to the Shin case. Specifically, plaintiff identified two non-party witnesses, namely, John Kim and Daniel Park. Both John Kim and Daniel Park were present on the night in question and are purportedly witnesses to the facts and circumstances surrounding this incident. In fact, Mr. Kim was the complaining witness supporting the arrest of Young Lee shortly after the incident.

John Kim is employed by Noah Bank as a loan officer and Daniel Park is a CPA who shares office space with Mr. Basil.

Mr. Basil has now advised that these non-party witnesses have requested that he represent them at their non-party depositions. Accordingly, Mr. Basil seeks to act as counsel for these non-party witnesses and intends to assert an attorney-client privilege on their behalf. Mr. Basil's attempt to claim a privilege with persons that are not part of this case has now brought conflict issue to a head.

This conflict issue has now expanded beyond non-party witnesses John Kim and Daniel Park. Specifically, throughout Mr. Basil's letter brief, he consistently refers to the plaintiff and Noah Bank as if they are interchangeable. Based upon earlier discussions and Mr. Basil's letter brief, it is clear that he sees himself representing the interests of the Bank too. This creates another conflict of interest as set forth below.

There is a pending lawsuit in Federal Court in Pennsylvania that was commenced by both Edward Shin and Noah Bank. Mr. Basil is representing both Mr. Shin and Noah Bank in that civil case, which is against a Korean website for alleged defamation in connection with the website's reporting of this lawsuit and other issues relating to Mr. Shin, individually and as CEO and President of Noah Bank.

Although Mr. Basil is representing both Mr. Shin and Noah Bank in the defamation case, he is only representing Mr. Shin here (Noah Bank is not named party). This is significant because Mr. Shin, in the case at bar, is claiming that he sustained a traumatic brain injury (TBI) as a result of this accident. In particular, the plaintiff recently testified at his deposition that because of the TBI, he believes that he is making less profit for Noah Bank. As counsel for YS2 we have an obligation to investigate and evaluate this claim as it is a key component of the damage claim being asserted. Specifically, and although a loss of earnings claim has been withdrawn, the advertising, marketing, financial, customer base and related position of the Bank is now in issue as presumably the continued loss of profit by the Bank could place Mr. Shin in a precarious predicament – i.e., losing his job, reduction in title or compensation, loss of future compensation increases (salary, bonus, stock options, etc.).

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
Docket No. : 1:17-cv-05183 (ILG)(SMG)
Our File No. : ORNA 167417FAC

Page 3

We expect from the position being taken by Mr. Basil with respect to Mr. Kim and Mr. Park that he will claim the existence of an attorney/client privilege with the Bank, even though there is a clear conflict of interest between the plaintiff and the Bank.

The fact that there is no lost wages claim does not alleviate the need for discovery from Noah Bank in connection with the TBI claim. As noted, although Noah Bank is not a party to this case, the Bank is now a target of discovery. To prosecute the plaintiff's TBI claim, Mr. Shin has already testified that he believes that the TBI has caused a reduction in the Bank's profits, and thus the books must now be opened and the defendants are entitled to explore whether or not there are any other reasons as to why the Bank's profits may be down.

The potential for conflict also clearly exists with respect to Mr. Kim and Mr. Park as it is reasonable to anticipate that at least some of the testimony presented by these individuals, other nonparty witnesses or entities, may negatively impact the claims being asserted by Mr. Shin in this case.

The defendant YS2 objects to any claim of privilege for any conversations that Mr. Basil had or may have with any non-party witnesses. Any questions that may shed light on the case at hand, the plaintiff's alleged damages and/or any bias a witness may have are fair game.

Of note is that Mr. Basil states in his letter brief that it is his understanding that defense counsel are concerned that he will change the testimony of the non-party witnesses to the advantage of the plaintiff. This office has never made any such suggestion. Rather, the defendant YS2 is entitled to defend against the claims asserted without being impeded by claims of confidentiality by the counsel representing the plaintiff.

Additionally, counsel has advised that the non-party witnesses prefer not to have their addresses disclosed. Ultimately, that leads to the result that only the plaintiff has access to nonparty witnesses, which is a burden that should not be placed upon the defendants.

**Dual Representation of the Plaintiff and Non-Parties**

When determining whether an attorney shall be able to represent parties and non-parties, Courts may look to decisions of the New York State courts, the state disciplinary rules, the American Bar Association's Code of Professional Responsibility and Model Rules of Professional Conduct for guidance. All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund, 2010 U.S. Dist. LEXIS 53290 (E.D.N.Y. 2010). Here, Mr. Basil in his letter brief cites to no case law and relies solely on the Committee Report from the New York Bar Association as authority. Such opinions are not authoritative and "merely provide general guidance" to the issue of disqualification. *Id.*, *quoting* Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005).

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
Docket No. : 1:17-cv-05183 (ILG)(SMG)
Our File No. : ORNA 167417FAC

Page 4

The standard for evaluating disqualification in the Second Circuit is Board of Education v. Nyquist, 590 F.2d 1241 (2d Cir. 1979). In the Board of Education, the Second Circuit noted that they have "utilized the power of trial judges to disqualify counsel where necessary to preserve the integrity of the adversary process in actions before them" or in other words, where an attorney's conflict of interest in violation of Canons 5 and 9 of the Code of Professional Responsibility, undermines the court's confidence in the vigor of the attorney's representation of his client. *Id.* at 1246. Therefore, disqualification may be proper where "an attorney's conduct tends to 'taint the underlying trial' by disturbing the balance of the presentations…"*Id.*, *quoting* W. T. Grant Co. v. Haines, 531 F.2d 671, 678 (2d Cir. 1976)).

The case law is not particularly clear when the conflict is in the context of simultaneous representation of a party and non-party witness. All Star Carts & Vehicles, Inc., 2010 U.S. Dist. LEXIS 53290, *12. As such, courts have been "reluctant to endorse a blanket rule which would preclude conflicts when an attorney represents both a party and a non-party in the same litigation." Ritchie v. Gano, 2008 U.S. Dist. LEXIS 67770 (S.D.N.Y. 2008) (denying disqualification motion as the alleged conflict was "mere speculation" at that point in the litigation).

"An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and [the client's] interests diverge with respect to a material factual or legal issue or to a course of action." All Star Carts 2010 U.S. Dist. LEXIS 53290, *17, *quoting* United States v. Schwarz, 283 F.3d 76, 91 (2d Cir. 2002). Moreover, "where the record presents a close question as to whether disqualification would be appropriate, courts 'must resolve any doubts in favor of disqualification.'" Reyes v. Golden Krust Caribbean Bakery, Inc., 2016 U.S. Dist. LEXIS 121623 (S.D.N.Y. 2016), quoting Maricultura Del Norte, S. de R.L. de C.V. v. Worldbusiness Capital, Inc., 2015 U.S. Dist. LEXIS 29953, at *7 (S.D.N.Y. 2015).

Here, the relationship between Mr. Basil, the plaintiff and the non-parties are so intertwined. There is no doubt as to the potential to taint the underlying trial. For example, if the non-party witnesses possess information that would hurt their reputation but help the plaintiff's case, how would Mr. Basil handle the privilege issue ? Would he exercise the privilege on behalf of the non-parties to the detriment of the plaintiff's case? The potential for such scenarios confirm that there is a conflict of interest and that Mr. Basil simply cannot adequately represent both the plaintiff and these non-party witnesses.

The bottom line is that this is a straight forward negligence and Dram Shop case that Mr. Basil has complicated due to his apparent intentions to represent all non-parties either directly or indirectly involved.

**Privilege Issue**

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
Docket No. : 1:17-cv-05183 (ILG)(SMG)
Our File No. : ORNA 167417FAC

Page 5

In Mr. Basil's letter brief, he confirms that the non-party witnesses John Kim and Daniel Park desire to withhold their addresses from the defendants. The defendant YS2 maintains that it is entitled to the home addresses for these non-parties and that they should be compelled to provide this information. Although Mr. Basil has agreed to accept service of any non-party subpoenas, it is not simply a service issue. This office should have an opportunity to contact these non-party witnesses as well. We should have the same opportunity as Mr. Basil.

Mr. Basil cites to various New York cases purportedly in support of the withholding of the home addresses of these non-party witnesses. However, all of the cases cited by Mr. Basil refer to a threat of physical violence to the non-party which is clearly not the case here.

Collens v. City of New York, 222 F.R.D. 249 (S.D.N.Y. 2004) cited by Mr. Basil is inapposite to the case here as it applies in instances where a police officer is testifying on behalf of the City and is preventing the disclosure of his home address due to safety concerns. *Id.* Collens is distinguishable, even just on its facts, as it involves an underlying criminal arrest, law enforcement personnel, and the need to protect the privacy and safety of individuals who are involved with a criminal investigation. None of those factors are present here.

Additionally, in King v. Conde, 121 F.R.D. 180, 190 (E.D.N.Y. 1988), the court held that any party invoking the official information privilege … must first make a 'substantial threshold showing' that disclosure would result in 'specific harm to identified important interests." *See also* Coggins v. Cty. of Nassau, 2014 U.S. Dist. LEXIS 15001 (E.D.N.Y. 2014) (stating that a proponent of a law-enforcement privilege must make a "threshold showing" that as to the interests that would be harmed, how disclosure would cause the harm, and how much harm there would be).

Importantly, Courts have refused to extend this principle to witnesses who are firefighters, emergency medical technicians, or social services agents." Goodman v. City of New York, 2004 U.S. Dist. LEXIS 14155 (S.D.N.Y. 2004) (denying defendant's request for a blanket protective order, relieving deponents from answering questions about birth date, Social Security number, home address, and spouse's name and occupation). "There is no generic 'privacy' privilege under the broad civil discovery regime of the Federal Rules of Civil Procedure, other than the provisions under Rule 26(c) to protect persons from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* *4. Where "[d]efendants have made no showing of embarrassment or oppression that is sufficient to deny the plaintiff discovery that is within the mainstream of civil deposition practice and is 'reasonably calculated to lead to the discovery of admissible evidence'", there is no rationale for preventing such disclosure. *Id.*; Fed. R. Civ. P. 26(b)(1).

Whatever "general privacy interest" a non-party may have in protecting against the disclosure of their … addresses is de minimis when compared to a party's interest in obtaining that information. Hakizimana v. RYM Stations-Bedford, Inc., 2008 U.S. Dist. LEXIS 82263

(E.D.N.Y. 2008), *quoting* United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 763-65, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989) (finding that the right to privacy in names and addresses is elastic and must be balanced against the need for disclosure and the person requesting disclosure). "If [the non-parties'] have relevant information concerning plaintiffs' claims, they should be required to disclose it, and their interest in privacy, if any, does not outweigh the need for such disclosure." Hakizimana, 2008 U.S. Dist. LEXIS 82263.

Here, it is undisputed that the non-parties are not law enforcement personnel and therefore may not prevent the disclosure of their home addresses under an official information privilege. The information sought is discoverable as it is within the confines of Rule 26.

Mr. Basil mentions the involvement of the Korean press in his letter brief and argues that there is a "very real and present danger of the invasion of the privacy" to the non-party witnesses. The reference to the Korean press refers to the above mentioned pending lawsuit in Federal Court in Pennsylvania by both Noah Bank and Edward Shin against a Korean website, which is a civil lawsuit, not criminal. In addition, that defamation lawsuit does not involve either of the non-party witnesses and Mr. Basil fails to explain how or why the disclosure of their addresses could lead to any "attack" upon them by the Korean press. There is simply no threat of physical harm or violence to these non-party witnesses.

Moreover, the non-parties should not be allowed to prevent the disclosure of their addresses simply due to the various lawsuits and "rumor mills" within the Korean community as "there is no generic 'privacy' privilege". Goodman, 2004 U.S. Dist. LEXIS 14155. While the rumors and other lawsuit may be an annoyance, this is not enough to satisfy the high threshold to prevent disclosure. The rumors and defamation lawsuit have not been particularized to either John Kim or Daniel Park. Instead, the litigation and rumors allegedly revolve around Noah Bank and Edward Shin. Thus, the non-parties' interest in privacy does not outweigh the need for the disclosure of their home addresses.

Respectfully submitted,

/s/ Frank A. Cecere
/s/ Janice Berkowitz

FRANK A. CECERE
JANICE BERKOWITZ
(516) 294-5433

FAC/JB/ml

Re: Edward Shin v. YS2 Enterprises, Inc., et al.
Docket No. : 1:17-cv-05183 (ILG)(SMG)
Our File No. : ORNA 167417FAC

Page 7

cc: ***Via ECF to all appearing parties***