# CHARTWELL LAW

**CARMEN A. NICOLAOU, ESQUIRE**
Direct Dial: (914) 259-8505
cnicolaou@chartwelllaw.com

**Reply To: White Plains Office**
81 Main Street, Suite 100
White Plains, NY  10601
Phone: (914) 421-7777
Facsimile: (914) 206-3872

February 26, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, New York 11201

> **Re:**  **Shin, Edward v. YS2 Enterprises, Inc., et al**
> **Case No: CV–17-5183 (ILG) (SMG)**
> **Our File No.:  10258.0063841**

Dear Hon. Gold:

This firm represents defendants, Michel S. Wang, Richardson Irrevocable Trust, Terrance Wu, and De-Jung Deborah Wang, (collectively "Wang defendants"), in the above referenced action. Kindly accept this letter to serve as a response to plaintiff's letter brief relative to his representation of non-party witnesses John Kim and Daniel Park.

By way of background, the plaintiff alleges that while a patron at YS2 Enterprises, Inc., located at 154-05 Northern Boulevard, Flushing, New York, ("premises"), he became heavily intoxicated and was caused to fall down the stairs as a result of being kicked by defendant, Young Lee. Plaintiff alleges a Dram Shop allegation against YS2 Enterprises, Inc., negligence claim against the Wang defendants, and intentional tort claims against defendant Young Lee.

Three fact witnesses have been disclosed by plaintiff Edward Shin. The first, John Kim, an employee of Noah's Bank, the bank in which the plaintiff is the President and CEO. Mr. Kim reports to Mr. Shin. Mr. Kim was also the designated driver for Mr. Shin and is a fact witness to the events of that evening of plaintiff's alleged incident.

The second witness is Daniel Park. While it is unclear if Mr. Park has a financial relationship with Noah's Bank, he is plaintiff's accountant and shares an office with plaintiff's

Case No: CV–17-5183 (ILG) (SMG)
Page 2

counsel Robert Basil. The third witness is Chang Lee, the best friend of the plaintiff, who also is a large client of Noah's Bank and owns 100,000 shares of Noah Bank stock.

In addition to the allegations, Mr. Shin has testified that because of his injuries, his ability to increase the profits for Noah's Bank is now limited.

Mr. Basil has refused to disclose any of the non-party witness personal addresses and has expressed his intention to represent both Mr. Kim and Mr. Park. He has, however, stated that he has not been asked to represent Mr. Chang Lee.

Finally, in addition to Mr. Basil representing the plaintiff and willingness to represent Mr. Park and Mr. Kim in this action, he also represents Mr. Shin and Noah's Bank in a defamation action that flows from Mr. Shin's alleged accident and sale of the property. Note, Mr. Shin and Noah Bank have alleged that business, i.e. profits, have been impacted due to the defamation claim. The very same allegation made by the plaintiff in this action.

Further, Mr. Lee is a defendant in an unrelated action, stemming from the sale of the premises. This action is pending in Supreme Court, Queens County. Mr. Lee is represented by Mr. Basil in that action. He, however, will not provide Mr. Lee's personal address, indicating that we have Mr. Lee's business address and that is sufficient, thus making it more difficult to effectuate service of Mr. Lee.

The issue here is whether Mr. Basil should be allowed to represent non-party witnesses, and therefore block the parties' attempts to communicate with these witnesses. The second concern is whether Mr. Basil will block discovery, simply because he represents Noah's Bank, all under the cloak of privilege. Finally, the third issue is whether this conflict can be waived. We submit it cannot.

New York Model Rules of Professional conduct 1.7 and ABA Codes of Professional Conduct states that a conflict exists when a lawyer representing one client "will be directly be adverse to another client or "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

Here, the opinions relied upon by Mr. Basil are not on point, in that none have the complex and multi-level representation that exists here. In addition, we have two claims by Mr. Shin, one for personal injury and the other for defamation, both alleging injuries to the profits of the bank and have now opened the door to discovery relative to the loss of profits that Mr. Shin is claiming has occurred because of his injury and which Mr. Shin and the bank are alleging has occurred in their defamation claim.

Further, we are concerned that Mr. Basil will block any questions asked by Mr. Kim and Mr. Park relative to the bank, their relationship, and certainly Mr. Shin's impact of the profits of the bank, under the cloak of privilege.

Case No: CV–17-5183 (ILG) (SMG)
Page 3

Finally, Mr. Basil has confirmed that the non-part witnesses Mr. Kim and Mr. Park wish to withhold their personal addresses. This is despite the fact that Mr. Basil is required to disclose same of all non-party witnesses he intends to call as witnesses. His withholding of their addresses is directly adverse to Mr. Shin's interests. Notably, Mr. Basil has not provided Chung Lee's address, a witness that he has not (yet) represented in this action, but represents him in a separate action. Mr. Basil's reference to cases to support his withholding of addresses are not on point, as they speak to threat of physical violence to a non-party witness. That's not the case here. Mr. Basil's argument of a concern of a "present danger of invasion of privacy" without any explanation is without any basis. This is a negligence/intentional tort cause of action. Witnesses have been identified. While a defamation case exists, this, in no way impacts the privacy of the non-party witnesses who have been identified by the plaintiff. In fact, there is no reasonable basis to withhold same. In fact, Mr. Basil's withholding of these addresses further amplifies the unwaivable conflicts.

Should Your Honor allow Mr. Basil to represent these non-party witnesses, we respectfully request that he also be directed to disclose all personal addresses of the non-party witnesses, including Mr. Chang Lee's. We also respectfully request that Mr. Basil be directed to make Mr. Kim and Mr. Park available for the purposes of trial and that Mr. Basil to accept service of subpoenas relative to the trial on their behalf, as clearly he has control over each witness.

Thank you for your consideration.

Very truly yours,

**CHARTWELL LAW**

**/s/ Carmen A. Nicolaou**

By: _____

Carmen A. Nicolaou

CAN/ma