# THE BASIL LAW GROUP

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
32 EAST 31ST STREET, 9TH FLOOR
NEW YORK, NY 10016
TELEPHONE:917-994-9973
E-FAX:831-536-1075
ROBERTJBASIL@RJBASIL.COM

JANUARY 16, 2020

Hon. Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Edward Shin v. YS2 Enterprises, Inc. et al.;* No. 1:17-cv-5183(ILG)(SMG)

Dear Judge Gold:

We represent plaintiff Edward Shin in the above-captioned action. Pursuant to your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion for partial summary judgment on liability under Fed. R. Civ. P. 56 against defendants Michel S. Wang, Victoria Wang as Trustee of the Richardson Trust, Terrance Wu, and Deh-Jung Deborah Wang (hereafter "the Building Defendants"). We suggest that the pre-motion conference be held simultaneously with the conference currently scheduled for January 22, 2020.

***Factual Bases of the Motion.*** The facts material to plaintiff's motion are not in genuine dispute. The Building Defendants were the owners of a building located at 154-05 Northern Boulevard, Flushing, New York (the "Premises") where, on April 22, 2017, Plaintiff was accidently kicked, causing him to fall down a steep flight of stairs. Shin suffered severe injuries as a result of the fall. Shin was a customer at an establishment located on the second floor of the Premises, operated by defendant, YS2 Enterprises Inc. (the "Karaoke Bar").

The Building Owners had owned the building since 2006. During the period of time in which the Building Defendants owned the Premises the Premises was the subject of numerous and varied complaints and violations as compiled by the New York City Department of Buildings. In addition, several months before Mr. Shin's accident, a third-party, Chasum Im, fell down the same staircase at the Premises that Shin fell down. Mr. Im lost his footing on the short landing, fell down the stairs and suffered serious injuries as a result of the fall.

Plaintiff also will rely upon the opinions rendered by his expert witness, Dr. William Marletta. Dr. Marletta is a Certified Safety Professional. He has earned a Masters Degree and a Ph.D in Occupational Health and Safety from New York University. He has testified as a qualified expert witness on safety matters at trial and has provided expert deposition testimony on several occasions.

Dr. Marletta, at the request of Plaintiff, thoroughly inspected the situs of the accident. He inspected and measured the top landing of the Premises. He took illumination measurements of

Hon. Steven M. Gold
Page 2

the two overhead fluorescent light fixtures as well as from an additional light fixture on the top landing. He thoroughly reviewed the deposition of Edward Shin in this matter, as well as other discovery materials, including the video of the accident supplied by counsel for the Karaoke Bar.

Dr. Marletta issued a report on April 22, 2019, which was promptly served upon all counsel in the case. He listed several conclusions. First, he concluded that the Karaoke Bar was properly classified as a Public Place of Assembly and therefore was required to meet the requirements of Industrial Code 36. Second, he concluded that the illumination provided was too low to meet code. Third, he concluded that the landing width was too short and created dangerous conditions for a person standing on the landing. Fourth, he concluded that there was a lack of crowd control at the top of the landing and that management should have remedied this dangerous condition. Lastly, he stated that the each of the prior conclusions "were likely contributing factors to this accident."

***Legal Bases for the Motion.*** In New York, "[t]o establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985). Where, as in this case, "the general public is invited into stores, office buildings and other places of public assembly, the owner is charged with the duty of providing the public with a reasonably safe premises, including a safe means of ingress and egress. *Gallagher v. St. Raymond's R.C. Church*, 21 N.Y.2d 554, 557 (1968).

The report and deposition testimony of Dr. Marletta demonstrates that the Building Defendants breached their duty to provide plaintiff with a reasonably safe environment while entering and exiting the Karaoke Bar. As a threshold matter, Dr. Marletta found that the Karaoke Bar was a "public place of assembly" and was therefore required to meet the requirements of the Industrial Code. Dr. Marletta concluded that the lighting on the top landing was substandard for a place of public accommodation and that inadequate lighting was a likely contributing factor to the accident in which Mr. Shin suffered personal injuries. He also found that the 90-inch width of the second-floor landing constituted a short landing width that posed a safety hazard that created dangerous and cramped conditions in a location where persons could be expected to congregate. Dr. Marletta concluded that the landing of the stair was too small and caused Mr. Shin to stand unstably with one foot on the floor of the landing and one foot on the first step where he could and was easily pushed down the stairs. He concluded that the dangerous and cramped nature of the top landing was a contributing factor to Edward Shin's accident. Lastly, Dr. Marletta concluded that there was a lack of crowd control at the top of the landing and that the Building Defendants' failure to remedy this dangerous condition was a likely contributing factor to Edward Shin's accident.

In New York, "[t]o succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate that the [defendant] either created the defective condition, or had actual or constructive notice for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Tenay v. Culinary Teachers Ass'n of*

Hon. Steven M. Gold
Page 3

*Hyde Park*, 281 Fed. Appx. 11, 13 (2d Cir. 2008).

In this case the Building Defendants had at least constructive notice of the defective conditions in the Premises. The fact that there was a similar prior accident on the same landing constituted constructive notice to the Building Defendants of the dangerous condition on the second-floor landing. *See Harrison v. New York City Transit Auth.*, 94 A.D.3d 512, 514 (1st Dep't 2012).

At the same time, the defects in the Premises were discoverable upon reasonable inspection, even if there had been no prior falls. The Building Defendants owned the Premises for more than a decade prior to the Edward Shin's accident. During that period of time, the Premises was the subject of numerous complaints and violations, including repeated complaints that the elevator in the Premises was not functioning, as well as multiple failures to remedy Department of Buildings violations. The Building Defendants should have conducted an inspection of the Premises. A reasonable inspection would have disclosed the defects in the premises identified by Dr. Marletta. As a result, the Building Defendants had constructive notice of each of the defects cited in Dr. Marletta's report.

Finally, the Premises' defects and faulty conduct of Building Defendants was a proximate cause, *i.e.*, a substantial contributing factor to the fall which resulted in Mr. Shin's injury. As a preliminary matter, "[i]ssues of proximate cause are normally questions of fact for the jury to decide, unless the court concludes that a reasonable jury could reach only one conclusion." *Packer v. Skid Roe, Inc.*, 938 F. Supp. 193, 196 (S.D.N.Y. 1996). Here, the jury would hear the unrebutted testimony of Dr. Marletta, consider the uncontroverted facts regarding the gathering at the landing and the resulting fall, and review the surveillance video. That video shows the short landing, the lack of crowd control, Mr. Shin's precarious positioning, and the severe crowding on the short landing by a group of only four persons. From this evidence, only one reasonable conclusion could be reached: that the negligence of the Building Defendants was a substantial contributing factor to the accidental fall that resulted in Mr. Shin's injuries.

For the foregoing reasons, plaintiff seeks a conference to set a briefing schedule for plaintiff's motion for partial summary judgment.

Respectfully submitted,

/s/ Robert J. Basil
Robert J. Basil

Cc:  All counsel (by ECF and email)