

# CHARTWELL LAW

**CARMEN A. NICOLAOU, ESQUIRE**
Direct Dial: (914) 259-8505
cnicolaou@chartwelllaw.com

**Reply To: White Plains Office**
81 Main Street, Suite 100
White Plains, NY 10601
Phone: (914) 421-7777
Facsimile: (914) 206-3872

January 20, 2020

Honorable Justice Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *Edward Shin v. YS2 Enterprises, Inc. et al.*
             Case No: 1:17-cv-5183 (ILG)(SMG)
             Our File No.:  10258.0063841

Dear Hon. Gold:

      This firm represents defendants, Michel S. Wang, Richardson Irrevocable Trust, Terrance Wu, and De-Jung Deborah Wang, (collectively "Wang Defendants"), in the above referenced action.

      This letter is submitted in response to plaintiff's counsel and YS2 Enterprises, Inc.'s ("YS2") settlement, and in accordance with Your Honor's Individual Rules requesting a pre-motion conference. We have recently been informed that the plaintiff has settled his claims with YS2.  As Mr. Basil is aware, I was engaged in a trial in Supreme Court, Queens County and this is my first opportunity to respond to the settlement. While I cannot stop YS2 from settling the action with the plaintiff, it is important to note that there are claims for contractual indemnification against YS2 that the Wang Defendants intend to pursue.

      In addition, YS2 had taken the lead in scheduling physical examination of the plaintiff as well as a further deposition. It does not appear that same was scheduled and request that same be held in abeyance until such time that the dispositive motion has been decided by the Court.

      As for the pre-motion conference, the Wang Defendants agree with the suggested conference date of January 22, 2020. Specifically, the Wang Defendants wish to move for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56 on the grounds that the

plaintiff has failed to establish his *prima facie* case for negligence and cannot sustain such a cause of action against the Wang Defendants.

The plaintiff alleges that on April 22, 2017, while he was a patron at a karaoke club operated by YS2, located on the second floor of 154-05 Northern Boulevard, Flushing, New York, (the "Premises"), he became heavily intoxicated and was caused to fall down the stairs as a result of being kicked by defendant, Young Lee ("Lee"). Plaintiff asserted a Dram Shop allegation against defendant YS2 Enterprises, Inc. ("YS2"), a negligence claim against the Wang Defendants, and negligence and intentional tort claims against defendant Lee.

To establish a prima facie case of negligence under New York Law, a plaintiff must prove that: (1) defendant owed a duty to plaintiff; (2) defendant breached its duty to plaintiff; and (3) defendant's breach was the proximate cause of plaintiff's injury. *See Williams v. Utica Coll. Of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) *quoting Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995). In premises-liability actions, "[t]he essential elements of a negligence claim . . . are that the landowner controls the property, that a defect exists, and that the defect causes plaintiffs' injuries." *McHale v. Westcott*, 893 F. Supp. 143, 147 (N.D.N.Y. 1995)

In the instant action, plaintiff contends that the landing on which plaintiff was standing, immediately prior to his fall, was short and created a dangerous condition and that the lighting in the area was too low to meet the requirements of the Industrial Code, and therefore, the Wang Defendants violated a duty of care as owners of the Premises. However, plaintiff ignores documentary evidence herein which, amongst other things, blatantly negates any duty of care or purported liability on the part of the Wang Defendants. Particularly, the surveillance video of the alleged accident clearly depicts that plaintiff's fall was a result of Lee kicking plaintiff during an altercation. Accordingly, the cause of plaintiff's fall was not the purported dangerous condition of the landing area but Lee's actions, which are not controlled, managed or supervised by the Wang Defendants. Indeed, Lee's actions, not the Wang's purported breach of duty, was the proximate cause of plaintiff's alleged injuries and damages. Furthermore, the Wang Defendants did not breach any duty of care to plaintiff.

For the foregoing reasons, the Wang Defendants seek a conference to set a briefing schedule to file a motion for summary judgment, to oppose plaintiff's motion for partial summary judgment, and for discovery, including a physical examination of plaintiff, to be held in abeyance until such a time that the dispositive motions have been decided by this Court.

Very truly yours,

**CHARTWELL LAW**

By: _____
Carmen A. Nicolaou

CAN/jms

cc:

    All counsel (via ECF)