UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

EDWARD SHIN,                                                    1:17-cv-05183(SMG)

                                Plaintiff,

                        - against –

YS2 ENTERPRISES, INC, MICHEL S. WANG,
VICTORIA WANG as TRUSTEE OF THE
RICHARDSON IRREVOCABLE TRUST, TERRENCE
WU, DEH-JU DEBORAH WANG, and YOUNG K. LEE,

                                Defendants.
-----------------------------------------------------------------------X

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MICHEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG's MOTION FOR SUMMARY JUDGMENT

---

**CHARTWELL LAW**
81 Main Street, Suite 100
White Plains, NY 10601
(914) 259-8505
*Attorneys for Defendants/Third Party Defendants*
*MICHEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, and DEH-JU DEBORAH WANG*

Of Counsel:
        *Carmen A. Nicolaou, Esq.*

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.....................................................1

ARGUMENT
POINT I.  THE WANG DEFENDANTS HAVE MET THE STANDARD FOR SUMMARY
JUDGMENT ...........................................................................................................1

POINT II. THE WANG DEFENDANTS DID NOT BREACH A DUTY OF CARE TO
PLAINTIFF UNDER THE CIRCUMSTANCES ........................................................................4

      A.      The Wang Defendants Did Not Create Any Purported Defective Condition ..........6

      B.      The Wang Defendants Did Not Have Actual Notice of the Alleged Conditions ....8

      C.      The Wang Defendants Had No Constructive Notice of the Conditions Alleged…9

POINT III.  PLAINTIFF CANNOT ESTABLISH PROXIMATE CAUSE ................................11

CONCLUSION.......................................................................................................18

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................ 1, 2
*Anisfeld  v. Cantor, Fitzgerald & Co.*, 631 F. Supp. 1461 (S.D.N.Y. 1986) .............................. 2
*Basso v. Miller*, 40 NY2d 233 (1976) ......................................................................................... 2
*Belfi v. Prendergast*, 191 F.3d 129 (2d Cir. 1999) ..................................................................... 1
*Borts v. U.S.*, 2016 U.S. Dist. LEXIS  (E.D.N.Y. Mar. 15, 2016) ............................................. 9
*Bradish v. Tank Tech. Corp.*, 216 A.D.2d 505, 506, 628 N.Y.S.2d 807 (2d Dep't 1995 ............ 5
*Bradish v. Tank Tech. Corp.*, 216 A.D.2d 505, 628 N.Y.S.2d 807 (2d Dep't 1995) .................... 5
*Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280 (2d Dep't 1994) ........................... 3
*Casierra v. Target Corp.*, 2010 U.S. Dist. LEXIS 69176, 2010 WL 2793778 (E.D.N.Y. 2010) ... 5
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ............................................................. 1
*Cousin v. White Castle Sys.*, 2009 US Dist LEXIS 57079 (E.D.N.Y. 2009) ................................ 8
*Cousin v. White Castle Sys., Inc.*, 2009 WL 1955555, at *6 (E.D.N.Y. 2009) ............................ 6
*Curiale v. Sharrotts Woods, Inc.*, 9 A.D.3d 473 (2d Dep't 2004) ................................................ 9
*Delaware & H. R. Co. v. Conrail Corp.*, 902 F.2d 174 (2d Cir. 1990) ........................................ 2
*Deykina v Chattin*, 2014 US Dist LEXIS 129011, at *14 (EDNY Sep. 15, 2014) ..................... 2, 7
*Feis v. U.S.*, 484 F. App'x 625 (2d Cir. 2012) ........................................................................... 3
*Franchini v American Legion Post,* 107 AD3d 432 (1st Dep't 2013) .......................................... 11
*Ghali v Wal-Mart Stores E., LP*, 2019 US Dist LEXIS 66218  (S.D.N.Y. 2019) ......................... 6
*Gleason v. Reynolds Leasing Corp.*, 227 A.D.2d 375, 642 N.Y.S.2d 79 (2d Dep't 1996) .......... 11
*Gonzalez v. Wal-Mart Stores, Inc.,* 299 F. Supp. 2d 188  (S.D.N.Y. 2004) ............................... 6
*Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188  (S.D.N.Y. 2004) ............................... 10
*Goodnough v Clark,* 2017 US Dist LEXIS 159121  (N.D.N.Y. Sep. 27, 2017) ........................... 7
*Haskin v. United States*, 2015 U.S. Dis. LEXIS 84762 (E.D.N.Y. 2015) .................................. 14
*Hendricks v. 691 Eighth Avenue Corp., et al.,* 226 A.D.2d 192, 640 N.Y.S.2d 525 (1st Dep't 1996) ........................................................................................................................................ 5
*Henry v. Target Corp.*, 2018 U.S. Dist. LEXIS 123702, 2018 WL 3559084, at *3 (S.D.N.Y.  2018) ......................................................................................................................... 6
*Hood v. Regency Maritime Corp.*, 2000 U.S. Dist. LEXIS 17298 at *2 (S.D.N.Y. Nov. 30, 2000) ........................................................................................................................................ 2
*King v. Crossland Savings Bank*, 111 F.3d 251 (2d Cir. 1997). ................................................ 3
*Lacey v. Target Corp.*, 2015 WL 2254968, at *2 (E.D.N.Y. 2015) ............................................ 6
*Leib v Silo Rest., Inc.*, 26 AD3d 359 (2d Dept 2006) ................................................................ 16
*Matcovsky v. Days Hotel*, 10 A.D.3d 557 (1st Dep't 2004). ...................................................... 8
*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, L. Ed. 2d 538 (1986) ....................................................................................................................................... 2
*McHale v. Westcott*, 893 F. Supp. 143 (N.D.N.Y. 1995 ........................................................... 7
*National Westminster Bank USA v. Ross*, 676 F. Supp. 48  (S.D.N.Y. 1987) ............................ 2
*Nussbaum v. Metro-N. Commuter R.R.*, 603 Fed. App'x. 10 (2d Cir. 2015) ........................... 8, 9
*Ortiz v. Pathmark Stores, Inc.*, 2004 WL 2361674 (S.D.N.Y. 2004) ........................................ 5
*Outlaw v Citibank, N.A.*, 35 AD3d 564, 826 N.Y.S.2d 642 (2d Dept 2006) .............................. 16
*Plowden v. Stevens Partners, LLC*, 45 A.D.3d 659 (2d Dep't 2007) .......................................... 11
*Ptasznik v. Schultz*, 223 A.D.2d 695, N.Y.S.2d 469 (2d Dep't 1996). ...................................... 4

*Reilly v. Carrollwood Homeowners Assn., Inc.*, 31 A.D.3d 417, 818 N.Y.S.2d 157 (2d Dep't 2006) ........................................................................................................................ 15

*Ridolfi v. Williams*, 49 A.D.3d 295, 853 N.Y.S.2d 56 (1st Dep't 2008) ...................................... 17

*Rizzo v. Sherwin-Williams Co.*, 49 A.D.3d 847, 854 N.Y.S.2d 216 (2d Dep't 2008) ................ 14

*Robinson v. 156 Broadway Assoc., LLC*, 99 A.D.3d 604, 952 N.Y.S.2d 445 (1st Dep't 2012) ... 17

*Russo v. Keough's Turn of the River Hardware*, LLC, 2012 U.S. Dist. LEXIS 144070 (S.D.N.Y. 2012) ........................................................................................................................ 14

*Samuels v. Mariott Intern., Inc.*, 86 Fed.Appx. 453 (2d Cir. 2004) ............................................. 5

*Schwarz v. FedEx Kinko's Office & Print Servs.*, 2009 U.S. Dist. LEXIS 100200 (S.D.N.Y. 2009) ........................................................................................................................ 14

*Segretti v. Shorenstein Co.*, E., 256 A.D.2d 234, 682 N.Y.S.2d 176 (1st Dep't 1998) ................. 5

*Strass v. Costco Wholesale Corp.*, 2016 WL 3448578 (E.D.N.Y. 2016) .................................... 8

*Taylor v United States*, 121 F3d 86 (2d Cir 1997) ...................................................................... 9

*Torri v. Big v. of Kingston, Inc.*, 147 A.D.2d 743, 537 N.Y.S.2d 629 (3d Dep't 1989) ................ 8

*Touri v. Zhagui*, 2010 U.S. Dist. LEXIS 20112, 2010 WL 779335, at *3 (S.D.N.Y. 2010) .......... 5

*Van Auken v Adamkiewicz*, 2009 US Dist LEXIS 43233 (N.D.N.Y. May 19, 2009) ............ 11, 16

*Vasquez v. U.S.*, 14-CV-1510, 2016 U.S. Dist. LEXIS 7796, 2016 WL 315879, at *7 (S.D.N.Y. Jan. 15, 2016) ........................................................................................................ 6

*Vital v. Interfaith Med. Ctr.*, 168 F.3d 615 (2d Cir. 1999) ......................................................... 2

*Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851, 487 N.Y.S.2d 316 (1985) ............................ 4

**Statutes**

Fed. R. Civ. P. 56 .................................................................................................................. 1, 2

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of MICHEL S. WANG, VICTORIA WANG as TRUSTEE OF THE RICHARDSON IRREVOCABLE TRUST, TERRENCE WU, DEH-JU DEBORAH WANG (hereinafter the "Wang Defendants"), in support of their motion for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 56) granting summary judgment in favor of the Wang Defendants, dismissing the instant negligence action in its entirety pursuant, and for such further relief as this Court deems just, proper and equitable.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

In an effort to preserve this Court's time and resources, the Wang Defendants adopt the procedural history and factual history set forth within Defendants' Rule 51.6 Statement of Facts filed along with this memorandum of law.[1]

## ARGUMENT

## POINT I

## THE WANG DEFENDANTS HAVE MET
## THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex* Corp. *v. Catrett*, 477 U.S. 317, 322-23 (1986)(quoting Fed. R. Civ. P. 56(c)); *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999).  The Court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Vital v. Interfaith Med. Ctr.*, 168

---

[1]  All exhibits referenced herein are attached to the Declaration of Carmen A. Nicolaou dated April 3, 2020.

F.3d 615, 622 (2d Cir. 1999)A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

Although courts are required to view the evidence in the light most favorable to the non-moving party, to defeat a summary judgment motion the non-movant must "set forth specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (West 2007); *National Westminster Bank USA v. Ross*, 676 F. Supp. 48, 51 (S.D.N.Y. 1987) (stating "[s]peculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact."); *see also Anisfeld  v. Cantor, Fitzgerald & Co.*, 631 F. Supp. 1461, 1466 (S.D.N.Y. 1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.  There must be more than a "metaphysical doubt as to the material facts." *Delaware & H. R. Co. v. Conrail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) *quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538 (1986).

On a motion for summary judgment, the court must make "the threshold determination as to whether the plaintiff, by introducing adequate evidence on each element, has made out a case sufficient in law to support a favorable jury verdict."  *Deykina v Chattin*, 2014 US Dist LEXIS 129011, at *14 (EDNY Sep. 15, 2014) *citing Basso v. Miller*, 40 NY2d 233 (1976). The mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment. *Hood v. Regency Maritime Corp.*, 2000 U.S. Dist. LEXIS 17298 at *2 (S.D.N.Y. Nov. 30, 2000) (internal quotation marks omitted).

In the instant matter, the Wang Defendants have established that summary judgment should be granted in their favor. Plaintiff cannot establish a *prima facie* case of negligence against the Wang Defendants in light of the evidence herein.

Under New York law, to establish a negligence claim against a landowner for injuries sustained on his or her property, the plaintiff must demonstrate: (1) that the defendant owed the plaintiff a cognizable duty of care; (2) that the defendant breached that duty, and (3) that the plaintiff suffered proximately caused damages. *See King v. Crossland Savings Bank*, 111 F.3d 251, 255 (2d Cir. 1997). In premises liability matters, a plaintiff must also demonstrate that the defendant created the condition that caused the accident, or that the defendant had actual or constructive notice of the condition. *See Feis v. U.S.*, 484 F. App'x 625, 628 (2d Cir. 2012) *citing Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280, 281 (2d Dep't 1994).

Here, there is no shred of admissible evidence to impose liability upon the Wang Defendants under a negligence cause of action. Particularly, there is nothing in the record herein evidencing that the Wang Defendants, as the premises owners, breached any purported duty of care to plaintiff under the circumstances surrounding plaintiff's fall. There is simply no evidence that any alleged defect existed on the subject landing or stairs from which plaintiff fell, or that the Wang Defendants had actual or constructive notice of any such defects. Moreover, the record herein—including surveillance video of the occurrence, the testimony of plaintiff, testimony of non-party witnesses, and plaintiff's site safety expert testimony and report—establish that any purported breach of duty by the Wang Defendants was not the proximate cause of plaintiff's fall.

As discussed below, the record herein is simply devoid of any admissible evidence that the subject landing and staircase were in a hazardous or dangerous condition. In fact, plaintiff's own putative safety expert, Dr. William Marletta, conceded that the second floor landing, particularly

the measurements of the landing, conformed with the requisites of the New York City Building Code. See Exhibit K at 67-70, and Exhibit I at 11.  Dr. Marletta also concedes that the staircase and handrails, both of which he discusses in his report as defective, were not the cause or contributing factor to plaintiff's accident.  *See* Exhibit I and K at 65.

 Plaintiff's only remaining allegations are that the landing was unfit for congregation to take place—which Dr. Marletta concedes there is no code that speaks of that issue—and that insufficient illumination or lighting existed in the area, was a contributing factor to plaintiff's fall. *See* Exhibit A at 3-5.

However, as established, The Wang Defendants did not create or cause this alleged hazardous condition, nor had actual or constructive notice of the purported insufficient lighting conditions of the landing and stairs. Further, even if, giving the plaintiff the benefit of the doubt, that the lighting was insufficient, and the landing was dangerous – to which there is no evidence to support it – plaintiff can still not establish that any of these conditions were a proximate cause

Indeed, summary judgment should be granted in this action as there are no triable issues of fact which would support a negligence cause of action against the Wang Defendants. *See Ptasznik v. Schultz*, 223 A.D.2d 695, 637 N.Y.S.2d 469 (2d Dep't 1996).  As in this case, where the evidence demonstrates that a party is entitled to judgment as a matter of law, judgment must be granted. *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851, 487 N.Y.S.2d 316 (1985).

<u>**POINT II**</u>
**<u>THE WANG DEFENDANTS DID NOT BREACH A DUTY OF CARE
TO PLAINTIFF UNDER THE CIRCUMSTANCES</u>**

The Wang Defendants have established their *prima facie* entitlement to judgment  as a matter of law by demonstrating that plaintiff's accident was not attributable to the Wang Defendants' alleged failure to maintain the subject landing and staircase  in  a reasonably  safe

condition. *See* Exhibit A. Even if, *arguendo*, dangerous or hazardous condition existed, the undisputed evidence in this matter is clear that the Wang Defendants did not create or have actual or constructive notice of the purported condition, nor was the alleged condition a proximate cause of plaintiff's fall.

To establish a *prima facie* case of negligence, plaintiff must demonstrate, *inter alia*, that the defendant created a dangerous or hazardous condition or had actual or constructive notice of this specific condition. *See Samuels v. Mariott Intern., Inc.*, 86 Fed.Appx. 453 (2d Cir. 2004); *Gordon v. American Museum of Nat. History*, 67 N.Y.2d 836, 429 N.E.2d 774, 501 N.Y.S.2d 646 (1986); *Ortiz v. Pathmark Stores, Inc.*, 2004 WL 2361674 (S.D.N.Y. 2004); *Hendricks v. 691 Eighth Avenue Corp., et al.,* 226 A.D.2d 192, 640 N.Y.S.2d 525 (1st Dep't 1996).

Put differently, the mere presence of a hazardous condition does not equate to a breach of the duty of care. *See Casierra v. Target Corp.*, 2010 U.S. Dist. LEXIS 69176, 2010 WL 2793778, at *2 (E.D.N.Y. 2010); *Segretti v. Shorenstein Co.*, E., 256 A.D.2d 234, 234, 682 N.Y.S.2d 176 (1st Dep't 1998). Instead, to establish a *prima facie* case of negligence on the part of a property owner, a plaintiff must show that "the defendant breached its duty in that it 'created the condition which caused the accident or that the defendant had actual or constructive notice of the condition.'" *Touri v. Zhagui*, 2010 U.S. Dist. LEXIS 20112, 2010 WL 779335, at *3 (S.D.N.Y. 2010) *quoting Bradish v. Tank Tech. Corp.*, 216 A.D.2d 505, 506, 628 N.Y.S.2d 807 (2d Dep't 1995) In the absence of evidence establishing the elements of actual or constructive notice, any conclusion that such notice existed would be based upon pure speculation. Under these circumstances, as in the instant matter, plaintiff's Second Amended Complaint must be dismissed. *Gordon*, *supra*.

In the instant action, plaintiff has not offered, nor can he offer, any proof in admissible form, that the Wang Defendants either caused or created the alleged conditions which attributed to plaintiff's fall. Additionally, plaintiff has not, and cannot, establish that the Wang Defendants had either actual or constructive notice of any purported hazardous condition or that such conditions were a proximate cause of plaintiff's accident. The record herein is simply absent of any admissible proof that the Wang Defendants breached any duty of care to plaintiff, and therefore summary judgment should be granted as a matter of law.

### A.      Wang Defendants Did Not Create Any Purported Defective Condition

"To establish that a defendant created a dangerous condition or defect, a plaintiff must point to some affirmative act on the part of the defendant." *Vasquez v. U.S.*, 14-CV-1510, 2016 U.S. Dist. LEXIS 7796, 2016 WL 315879, at *7 (S.D.N.Y. Jan. 15. 2016) (internal quotation marks omitted). *See also*, *Ghali v Wal-Mart Stores E., LP*, 2019 US Dist LEXIS 66218, at *11 (S.D.N.Y. 2019) *quoting Gonzalez v. Wal-Mart Stores, Inc.,* 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) and *citing Henry v. Target Corp.*, 2018 U.S. Dist. LEXIS 123702, 2018 WL 3559084, at *3 (S.D.N.Y. 2018). "A plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Cousin v. White Castle Sys., Inc.*, 2009 WL 1955555, at *6 (E.D.N.Y. 2009); *see also Lacey v. Target Corp.*, 2015 WL 2254968, at *2 (E.D.N.Y. 2015) ("[C]ourts typically grant summary judgment for the defendant where there is evidence that a hazard existed, but no evidence as to how it was created or who was responsible for it.").

Here, there is no evidence that the Wang Defendants created the alleged hazardous condition – the landing, which was purportedly not suitable for congregation, or the alleged insufficient lighting. In fact, Michel Wang attested that the lighting fixture above the subject

staircase was never removed or modified by the Wang Defendants at any time prior to or after plaintiff's fall. *See* Affidavit of Michel Wang (hereinafter "Wang Affidavit"). The report of Dr. Marletta is also silent as to whether any permits from the Department of Buildings were issued for modification of the subject stairway and landing. *See* Exhibit I.

Furthermore, the surveillance video demonstrates that there was no issue with the lighting conditions on the landing or steps. *See* Exhibit G. Indeed, the surveillance video shows that plaintiff and Defendant Lee were able to observe each other from a distance. *See id.* Plaintiff was able to lift his middle finger in the direction of Defendant Lee and continue to hold it up, and in Defendant Lee's direction, at all times prior to him being kicked. *See id.* at 00:24-2:22. Chung K. Lee was able to place his hands on either side of Defendant Lee's face, hold him back, and speak to him in an attempt to calm him down. *See id.* at 01:42-01:56. John Kim was able to quickly push Defendant Lee's hand down, when Defendant Lee raised his middle finger back at the plaintiff. *See id.* at 02:12-02:14. No person in the video appears to have had any issues with the lighting on the landing. *See id.*

Where there is no evidence that a building owner created the condition complained of, plaintiff is left with proving actual or constructive notice to sustain his negligence claim. *See Goodnough v Clark,* 2017 US Dist LEXIS 159121, at *20 (NDNY Sep. 27, 2017) *citing McHale v. Westcott*, 893 F. Supp. 143, 148-49 (NDNY 1995) (finding that "plaintiffs failed to produce any evidence tending to show that defendants created the defect" where there was "no dispute that the stairs are about 40 years old and unmodified by either defendant"); *Deykina v. Chattin*, 2014 U.S. Dist. LEXIS 129011, 2014 WL 4628692, at *7 (EDNY Sept. 15, 2014) ("Here, defendant did not create the condition, since he testified that the stairs already existed on the property when he purchased the house in 2007 and that he did not alter them in any way.").

**B.**     **Wang Defendants Did Not Have Actual Notice of the Alleged Conditions**

There is likewise no evidence that the Wang Defendants ever had any actual notice of any purported dangerous conditions. To demonstrate actual notice, the plaintiff must "prove that the defendants were, in fact, aware of the dangerous condition." *Strass v. Costco Wholesale Corp.*, 2016 WL 3448578, at *4 (E.D.N.Y. 2016) *quoting Nussbaum v. Metro-N. Commuter R.R.*, 603 Fed. App'x. 10, 12 (2d Cir. 2015)("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition."). "A defendant has actual notice if it either created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall. *Cousin v. White Castle Sys.*, 2009 US Dist LEXIS 57079, at *16 (E.D.N.Y. 2009) *citing Torri v. Big v. of Kingston, Inc.*, 147 A.D.2d 743, 537 N.Y.S.2d 629, 630-31 (3d Dep't 1989). *See Matcovsky v. Days Hotel,* 10 A.D.3d 557 (1st Dep't 2004). The record herein unequivocally demonstrates that the Wang Defendants were not aware of, nor alerted to, the existence of any alleged condition, specifically with respect to the landing or the lighting conditions in the area of plaintiff's fall, at any time prior to plaintiff's accident.

Here, Joshua So, former manager of the Karaoke Bar, testified that YS2 did not receive any complaints about the lighting conditions of the subject staircase at any time prior to plaintiff's accident., nor did Mr. So receive any complaints regarding the subject staircase and landing. *See* Exhibit E at 84.  Michel Wang attested that no complaints were received by the Wang Defendants regarding the lighting conditions of the subject staircase and landing at any time prior to plaintiff's fall. *See* Wang Affidavit.

Furthermore, there is no evidence that the landing was a place for congregation, nor that the Wang Defendants were aware of the same. Specifically, there were no benches, chairs or tables

in the landing. *See id.* and Exhibits I, and K at 68-69. Michel Wang attested that the landing did not have any indication that it was an area for congregating. *See id*. Rather the landing was meant as a point of egress and exit from the businesses and offices located on the second and third floors of the premises. *See id.*

There is simply no evidence herein suggesting that the Wang Defendants were aware of any alleged insufficient lighting condition, or that that the landing was a place of congregation, at any time prior to plaintiff's accident. Accordingly, plaintiff's allegations that Wang Defendants had actual notice of the purported conditions which caused his fall must fail as a matter of law.

### C.      The Wang Defendants Had No Constructive Notice of the Conditions Alleged

To prove liability based on constructive notice, the danger must have been visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it. *Nussbaum v Metro-North Commuter R.R.*, 603 F App'x 10, 11 (2d Cir 2015). "[C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection." *Curiale v. Sharrotts Woods, Inc*., 9 A.D.3d 473, 475 (2d Dep't 2004). "To show constructive notice, the claimant must do more than show that the defendant was generally aware of the type of condition alleged to have caused plaintiff's injury; he must show that the defendant was aware of the particular condition at issue." *Borts v. U.S.*, 2016 U.S. Dist. LEXIS 66197 at *2 (E.D.N.Y. Mar. 15, 2016) (internal quotation marks and alterations omitted). *See also Taylor v United States*, 121 F3d 86, 90 (2d Cir 1997)("plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the 'particular condition' at issue"). "Whether a plaintiff has established a defendant's awareness of a dangerous condition at a level of specificity sufficient to establish constructive notice turns on the facts of each case, but the inquiry is guided by the

principle that '[c]onstructive notice of a particular condition is inextricably intertwined with the concept of foreseeability.'" *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 194 (S.D.N.Y. 2004) *quoting Taylor, supra* at 90.

Plaintiff herein has failed to adduce sufficient evidence to proceed to trial on the constructive notice theory that requires (1) the danger to be visible and apparent and (2) the danger to have existed for a sufficient length of time prior to the accident. *See Decker v Middletown Walmart Supercenter Store #1959*, 2017 US Dist LEXIS 19350, at *6 (S.D.N.Y. 2017).  There is no admissible evidence herein that the alleged lighting condition which allegedly contributed to plaintiff's fall was visible and apparent to the Wang Defendants or that such a condition, if any, existed for an appreciable length of time prior to plaintiff's fall. Rather, the evidence herein demonstrates that there were no complaints regarding the subject stairs, landing or lighting conditions. *See* Exhibit E at 84 and Wang Affidavit. Moreover, the Wang Defendants received no violations regarding the subject stairs and landing. *See* Wang Affidavit and Exhibit I.

Here, plaintiff has not and cannot offer any admissible proof as to how long the purported insufficient lighting condition existed prior to his accident to support a claim that the Wang Defendants had constructive notice of the condition. The use of the subject landing as a place of congregation is also without merit and plaintiff cannot prove that the Wang Defendants had constructive knowledge of the same or that the landing and staircase were used for anything more than ingress and egress.  *See* Wang Affidavit.

Without the use of pure speculation and conjecture, plaintiff cannot establish that the purported hazardous conditions existed for a sufficient amount of time prior to the accident to permit the Wang Defendants, in the exercise of ordinary care, to have discovered same. As such, plaintiff cannot establish that the Wang Defendants had constructive notice of the alleged

condition. Therefore, plaintiff has failed to establish a *prima facie* case of negligence, and the Wang Defendants are entitled to summary judgment.

## POINT III

## PLAINTIFF CANNOT ESTABLISH PROXIMATE CAUSE

Even if defects of the landing and inadequate lighting were present, which the Wang Defendants vehemently deny, plaintiff's negligence claim must nevertheless fail since he cannot establish that such defects were the proximate cause of his fall or injuries.

"Although issues of proximate cause are generally fact matters to be resolved by a jury …the plaintiff must establish prima facie that the alleged negligence was a substantial cause of the events which resulted in his injuries." *Van Auken v Adamkiewicz*, 2009 US Dist LEXIS 43233, (NDNY May 19, 2009) *citing Gleason v. Reynolds Leasing Corp*., 227 A.D.2d 375, 376, 642 N.Y.S.2d 79 (2d Dep't 1996).  On a summary judgment motion, a defendant may establish his entitlement to judgment as a matter of law on the issue of proximate cause upon a showing that there is no causal connection between the defects proffered and the plaintiff's injury. *See e.g. Plowden v. Stevens Partners, LLC*, 45 A.D.3d 659, 660-61, 846 N.Y.S.2d 238 (2d Dep't 2007); *Pinkham v West Elm*, 142 AD3d 477, 36 N.Y.S.3d 657 (1st Dep't 2016);  *Franchini v American Legion Post,* 107 AD3d 432, 967 N.Y.S.2d 48 (1st Dep't 2013);. This showing cannot be defeated by a plaintiff's "sheer speculation" as to a causal relationship. *Plowden, supra* at 661 (citations and internal quotation marks omitted). Here, none of the proffered defects alleged by plaintiff were the proximate cause of his injuries.

Undoubtedly, the evidence herein is clear that plaintiff's fall down the subject stairs as a result of being kicked by Defendant Lee, or otherwise as a result of a physical altercation involving Defendant Lee. Therefore, plaintiff's fall and subsequent injuries were not proximately caused by

any negligence on the part of the Wang Defendants. *See* Exhibit B at 40, Exhibit F at 88, Exhibit K at 85-86, and Exhibit G.

Indeed, the surveillance video of this matter is fatal to plaintiff's allegations against the Wang Defendants. The video shows that plaintiff was beginning to descend the steps from the second floor landing when he was stopped by Defendant Lee. *See* Exhibit G at 00:13-00:15. Plaintiff stops while his right foot is placed on the first step from the stop of the staircase and his left foot is placed on the landing. *See id.* at 00:15-00:24. Plaintiff leans back onto the wall. *See id.* He remains in this position for the remained of the altercation until his fall. Plaintiff lifts his middle finger toward Defendant Lee. *See id.* at 1:42 – 1:56. A struggle ensues between Defendant Lee, Chung Lee, and John Kim, whereby Defendant Lee kicks plaintiff and/or pushes Chung Lee and Kim. *See id.* at 2:14-2:16. As a result of the kick and/or push, plaintiff falls back and down the stairs. *See id.* at 2:16-2:22.

Furthermore, plaintiff cannot hide behind his putative expert Dr. William Marletta to assert that the lighting conditions of the subject landing and stairs were insufficient and therefore caused or contributed to his fall. Plaintiffs' reliance on the opinions of Dr. Marletta, a safety consultant, is misguided and lends no support to plaintiff's allegations of any hazardous conditions of the landing and stairs.

Dr. Marletta is not a certified professional engineer or registered in any state as an engineer. *See* Exhibit K at 110. Furthermore, Dr. Marletta did not perform an accident reconstruction of plaintiff's fall. *See id.* at 90-95. All of Dr. Marletta's opinions are based upon a reading of the deposition transcripts of several witnesses, but admittedly he only relies on plaintiff's in his report, and a site inspection of the subject landing and staircase, which plaintiff was not present for. *See* Exhibit I. Indeed, on its face, Dr. Marletta's opinions are questionable, but when one scratches

below the surface, it only establishes that the entirety of Dr. Marletta's findings and conclusions are speculative, unsubstantiated, and conclusory.

Again, plaintiff's deposition testimony is absent any statement or allegation that he purportedly could not see what he was doing on the stairwell or that the lighting was a proximate cause of his fall. Indeed, Dr. Marletta admits at his deposition that neither the handrail nor the staircase played any role in plaintiff's accident. *See* Exhibit K at 33-35, 65, 67-70, 80-84, 93. Yet, despite admitting this, Dr. Marletta testified that the lighting was a factor in plaintiff's fall. *See id.* at 80, 85-86. When asked "how?" he replied because plaintiff stated it was "dark". *See id.* at 82, 85-86. When asked to elaborate how lighting played a factor in plaintiff's fall, Dr. Marletta testified that it speaks to seeing dangers, security, etc. When pressed further, Dr. Marletta testified that plaintiff's recollection was refreshed when he watched the security footage. *See id.* at 41-42. However, when portions of plaintiff's transcript were read to Dr. Marletta, which show that the plaintiff had no recollection of the incident and his testimony was based on his observation of the security footage, Dr. Marletta admitted that he "assumed" that this meant plaintiff's recollection was refreshed. *See id.* at 41-53. It did not.

To no surprise, the Courts have not shied away from disregarding Dr. Marletta's "expert" analyses, repeatedly finding them to be unsubstantiated, conclusory, and speculative. It seems that Dr. Marletta, in fact, has a practice of submitting speculative opinions, containing no scientific foundation whatsoever. Dr. Marletta implores the same speculation and conclusory practices here.

In *Haskin v. United States*, 2015 U.S. Dis. LEXIS 84762 (E.D.N.Y. 2015), Dr. Marletta asserted in an affidavit in opposition to the defendant's summary judgment motion that the area where the accident occurred was not properly cleared of snow and ice. Dr. Marletta based his opinion on an evaluation of the circumstances under which application of salt and sand to ice may

13

be appropriate, yet there was no evidence connecting the failure to apply ice-melt to the walk to the ice condition on which the plaintiff slipped and no evidence that the temperature rose above freezing on the date of accident.  The Court refused to consider Dr. Marletta's affidavit, finding that it was on pure speculation.  *See id*. at *42-43.

In *Russo v. Keough's Turn of the River Hardware*, LLC, 2012 U.S. Dist. LEXIS 144070 (S.D.N.Y. 2012), Dr. Marletta opined that the non-uniform thickness of the subject metal ladder rails was a manufacturing defect and caused the ladder to collapse.  The Court granted the defendant's motion to preclude Dr. Marletta from testifying at trial, finding that his reasoning and methodology were unreliable and inadmissible.  *See id*. at *11.

In *Schwarz v. FedEx Kinko's Office & Print Servs*., 2009 U.S. Dist. LEXIS 100200 (S.D.N.Y. 2009), Dr. Marletta opined that the type of mat that the plaintiff tripped on may be compromised over time.  The Court held that the affidavit of Dr. Marletta was speculative as to various possible causes for hypothetical damage to such mats, noting that Dr. Marletta never inspected the mat, and holding that his affidavit failed to create a triable issue of fact.  *See id*. at *35-36. *See also, Rizzo v. Sherwin-Williams Co*., 49 A.D.3d 847, 854 N.Y.S.2d 216 (2d Dep't 2008)( affirming the trial court's decision granting the defendants' motion for summary judgment, and noting that the opinion of Dr. Marletta did not raise a triable issue of fact as to whether the deck was slippery because Dr. Marletta did not identify the basis for the .5 coefficient-of-friction value he utilized as a standard or demonstrate that the testing he performed sufficiently replicated the conditions of the deck to be probative*); Reilly v. Carrollwood Homeowners Assn., Inc*., 31 A.D.3d 417, 818 N.Y.S.2d 157 (2d Dep't 2006)(finding that Dr. Marletta's affidavit was conclusory and speculative as there was no proof to support his claim that the rain fell prior to the

accident and accumulated and froze on the allegedly warped portion of the step where the plaintiff fell.

Dr. Marletta's opinion here is similarly based on nothing but speculation and should be disregarded. There is no dispute that the plaintiff was heavily intoxicated at the time of the accident, which Dr. Marletta concedes. *See* Exhibit K at 39, 101. Further, plaintiff admitted that he has no recollection of the incident in question and while he testified that the staircase was dark, he could not testify as to whether the conditions on the staircase somehow contributed to his accident. *See* Exhibit B at 40, 53, and 118.  Even so, Dr. Marletta could not support his conclusion that the conditions on the staircase – congregation and/or lighting – somehow caused plaintiff's accident. *See* Exhibit I.  Dr. Marletta admits that the landing was up to code and that there existed no code that addressed his interpretation of "congregation" on the landing, despite admitting that landing did not have any seating and the staircase was used as an egress/ingress for the building. *See id.* at 11 and Exhibit K 67-70. Dr. Marletta admitted that the security footage depicted plaintiff attempting to exit and starting his descent down the staircase before being stopped by Defendant Lee. *See id.* at 73-74 Dr. Marletta further admitted that the plaintiff, after being stopped and assumed his position, standing with one foot on the top of the landing and his other foot on the top step with his back against the wall, and made no attempt to leave, or even change his position. *See id.* at 63-64.

Indeed, the only thing Dr. Marletta relies on to reach his conclusion that the plaintiff fell due to inadequate lighting was plaintiff's statement that the stairway was "dark"— a statement which Dr. Marletta took out of context, ignoring other portions of plaintiff's testimony where he also testified that he had no recollection of the incident in question and his testimony as to the

incident was based solely on what he observed on the security footage. *See id.* at 40-41, 49-53, 83-85, 98-100; and Exhibit B at 40.

There is simply no connection between the alleged insufficient lighting of the staircase and landing and plaintiff's fall. Conspicuously absent from plaintiff's testimony is any statement that he was unable to grab for a handrail or break his fall because of the lighting conditions, or that his fall was caused due to the lighting conditions. *See* Exhibit B. Plaintiff also does not make any statements about congregating in the subject landing, or intending to do so before he was stopped by Defendant Lee. *See id.* As such, any alleged insufficient lighting conditions or his interpretation of congregating on a landing, did not cause or contribute to plaintiff's fall, and plaintiff cannot establish the same. What caused plaintiff's fall was being kicked and/or pushed by Defendant Lee—nothing else.

In cases involving falls down staircases such as the matter herein, New York courts have repeatedly held that despite the possibility of defects of the staircase, where a plaintiff cannot prove that said defects were the proximate cause of his or her fall, summary judgment should be awarded. *See Van Auken v Adamkiewicz*, 2009 US Dist LEXIS 43233, at *11-14 (NDNY May 19, 2009)(finding that plaintiff's contention that he could have grabbed onto a railing as he fell down stairs if it had not been defective was undermined by his deposition testimony where he admitted that he did not attempt to reach for the handrail); *Outlaw v Citibank, N.A.*, 35 AD3d 564, 826 N.Y.S.2d 642 (2d Dept 2006)(where plaintiff was not looking in direction of alleged defect at time of fall, lighting condition, no matter what it was, could not be deemed proximate cause of the accident). *Leib v Silo Rest., Inc.*, 26 AD3d 359, 360 (2d Dept 2006)(holding that contrary to the plaintiff's contention, she failed to submit evidence sufficient to demonstrate that an alleged inadequate lighting condition was a proximate cause of the accident); *Robinson v. 156 Broadway*

16

*Assoc., LLC*, 99 A.D.3d 604, 605, 952 N.Y.S.2d 445 (1st Dep't 2012) (where the plaintiff slipped and fell on an exterior staircase with handrails allegedly in violation of the building code and the plaintiff never attempted to find or hold the handrails, the court held that any violation of the building code was not a proximate cause of the plaintiff's fall); *Ridolfi v. Williams*, 49 A.D.3d 295, 296, 853 N.Y.S.2d 56 (1st Dep't 2008) (regardless of the existence of any alleged building code violation in the configuration of the handrails, this was not a proximate cause of the plaintiff's fall); Saul v 700 Milford Holdings, LLC, 2018 NY Slip Op 31278[U], *4-5 ( NY County 2018) (surveillance video depicted that plaintiff was holding her phone and purse in both hands which undermined her testimony that she would have been able to hold onto a handrail if one had been installed).

Plaintiff's contentions that the alleged insufficient lighting conditions and congregation on the landing, pursuant to the opinion of his putative expert, are simply undermined by the evidence of this matter, including plaintiff's own testimony and the surveillance video of the occurrence. Plaintiff's fall was not caused by any defects with respect to the stairs, landing or lighting or the supposed congregation of persons on the landing.  Nor was his fall precipitated or worsened by any alleged defective lighting.  The facts are clear—plaintiff was caused to fall due to an altercation with Defendant Lee in which he was kicked and/or shoved, and plaintiff never reached for any handrails to mitigate his fall.

Since plaintiff cannot establish that any action or inaction by the Wang Defendants, nor any alleged hazardous condition on or around the subject landing and staircase, proximately caused his fall, summary judgment should be granted and all claims against the Wang Defendants should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court issue an Order, pursuant to Federal Rule 56, dismissing plaintiff's Second Amended Complaint and all cross-claims, as well as an Order pursuant to Federal Rule 56 granting summary judgment in favor of the Wang Defendants, as  plaintiff cannot establish a *prima facie* case of negligence or raise a triable issue of fact against the Wang Defendants, and as there is no evidence that the Wang Defendants caused, created or had notice of a dangerous condition, or that the Wang Defendants did not proximately cause plaintiff's fall, the Court should dismiss plaintiff's Complaint in its entirety and should grant such other and further relief as this Court deems just, proper and equitable.

Dated:   White Plains, New York
        April 3, 2020

**CHARTWELL LAW**

By:   *Carmen A. Nicolaou*
          Carmen A. Nicolaou

18

## <u>CERTIFICATE OF SERVICE</u>

I, **CARMEN NICOLAOU, ESQ.,** hereby certify that on April 3, 2020, the foregoing

document, **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR**

**SUMMARY JUDGMENT** served in accordance with the Federal Rules of Civil Procedure,

and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service

upon the following parties and participants:

> THE BASIL LAW GROUP, P.C.
> Attorneys for Plaintiff
> 1270 Broadway, Suite 305
> New York, New York 10001
> (917) 513-3066
> RobertJBasil@rjbasil.com
>
> AHMUTY, DEMERS & McManus, ESQS
> Attorneys for Defendant
> *YS2 ENTERPRISES INC.*
> 200 I.U. Willets Road
> Albertson, New York 11507
> (516) 294-5433
> janice.berkowitz@admlaw.com
>
> LONGO & D'APICE, ESQS.
> 26 Court Street, Suite 1700
> Brooklyn, New York 11242
> l-d@markalongo.com

Dated:  White Plains, New York
      April 3, 2020

> *Carmen A. Nicolaou*
> **CARMEN NICOLAOU, ESQ.**

19