# THE BASIL LAW GROUP
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

32 EAST 31ST STREET, 9TH FLOOR
NEW YORK, NY 10016
TELEPHONE: 917-994-9973
E-FAX: 831-536-1075
ROBERTJBASIL@RJBASIL.COM

JANUARY 21, 2021

VIA ECF
Hon. Robert M. Levy, U.S.M.J.
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   *Edward E. Shin v. YS2 Enterprises, Inc.*
>         Case No.:  1:17-cv-5183 (RML)

Dear Judge Levy:

This office represents the plaintiff, Edward E. Shin, in this action.  Please accept this letter-motion as Mr. Shin's objection to the submission of certain defendants (the "Wang Defendants") represented by Docket #80, entitled: "BILL OF COSTS by Deborah Wang Deh-Jung, Michel S. Wang, Terrance Wu, Victoria Wang, Richardson Irrevocable Trust (Nicolaou, Carmen)."  This submission purports to be made by the Wang Defendants pursuant to Federal Rule of Civil Procedure 54(b) and the accompanying local rule of this Court.  Docket #80 should be stricken, without prejudice to refiling at a proper time.

This is a ongoing matter.  The Wang Defendants were dismissed from this case on summary judgment.  However, no final judgment has been entered in this matter.  "Final Judgment" in this Court means a judgment that ends all claims of all parties, not merely the claims pending against one of several parties.  The law in this Circuit (and elsewhere) is unambiguous regarding the requirement that a final judgment end all claims against all

parties:

> "[I]n the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.' " *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir.2011) (*quoting Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991)). Rule 54(b) of the Federal Rules of Civil Procedure provides "an exception to this general principle," id., permitting a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). However, the Second Circuit has counseled that the historic "policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded ... be exercised sparingly.' " *Novick*, 642 F.3d at 310 (*quoting Harriscom Svenska AB*, 947 F.2d at 629).

In re Gentiva Sec. Litig., 2 F Supp 3d 384, 387, 2014 WL 814952 [EDNY 2014]

> This court has indicated on numerous occasions that entry of final judgment under Rule 54(b) is not to be done lightly, particularly when the action remains pending as to all parties. We have strongly approved the view expressed in *Panichella v. Pennsylvania Railroad Co.*, 252 F.2d 452, 455 (3 Cir. 1958): ". . . 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' . . .", *quoted in Luckenbach Steamship Co. v. Muehlstein & Co.*, 280 F.2d 755, 758 (2 Cir. 1960); *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2 Cir. 1968); and *Arlinghaus v. Ritenour*, 543 F.2d 461, 463-64 (2 Cir. 1976).

*Brunswick Corp. v Sheridan*, 582 F2d 175, 183, 25 Fed R Serv 2d 1331, 1978-2 Trade Cases P 62166 [2d Cir 1978].

> We have explained that Rule 54(b) sets out the requirements for the entry of a partial final judgment in multi-party actions. A final judgment may be entered as to some—but fewer than all—parties "only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). The Rule makes clear that if the District Court does not both direct entry of judgment and expressly determine that there is no just reason for delay, then its order or decision is not final, whether or not it is labeled a "judgment."

# THE BASIL LAW GROUP, P.C.

Objection to Premature Submission of Bill of Costs
Page 3

> *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631–32 (2d Cir.1995) ("The requirement of an express determination cannot be met if the District Court does not make clear that such determination is for the purpose of certifying a final judgment [under Rule 54(b) ].").

*Richmond v Natl. Grid*, 539 Fed Appx 15, 16, 2013 WL 5943437 [2d Cir 2013]

The undersigned has conferred with the Wang Defendants' counsel and sought withdrawal without prejudice of this Bill of Costs, but no agreement was reached. Accordingly, Mr. Shin moves by way of this letter-motion to have Docket #80, the Wang Defendants' application for costs prior to entry of a final judgment, stricken without prejudice to it being refiled at an appropriate time.

    Respectfully submitted,

    /s Robert J. Basil

    Robert J. Basil